### EPPERSON v. MIDWEST REFINING CO.

Circuit Court of Appeals, Eighth Circuit.
November 12, 1927.

No. 7859.

1. Removal of causes ⊜⇒54—Action for injuries to domestic corporation's employee while repairing foreign corporation's plant held removable to federal court as separable controversy.

Action for injuries to domestic corporation's employee, sustained while engaged in repairing a still in foreign oil-refining corporation's plant, in which gas exploded, *held* removable from state to federal court, because of separable controversy between plaintiff and defendant refining company, where plaintiff's cause of action against employer was exclusively under the state compensation law, and cause of action pleaded was at common law, so that the refining company alone could be adjudged liable.

2. Evidence ⊜⇒29—Circuit Court of Appeals takes judicial notice of compensation laws of state in which cause of action arose.

Federal Circuit Court of Appeals will take judicial notice of the compensation laws of the state in which the cause of action before it for review arose.

3. Removal of causes ⊜⇒61—Petition for injuries to domestic corporation's employee repairing foreign corporation's plant held to charge negligence of foreign corporation only, and removable.

In action for injuries to domestic corporation's employee sustained while repairing foreign oil-refining corporation's still, petition alleging that injury resulted from refining company's negligence in permitting gas to back into still in which plaintiff was working, where it exploded, *held* to charge actionable negligence against refining company only, and presented separable controversy between plaintiff and refining company, removable to federal court notwithstanding allegation of negligence of both defendants in permitting gas to enter still, since plaintiff's employer had no control of the property.

4. Evidence ⊜⇒544—Exclusion of testimony of witness as to cause of gas explosion in oil-refinery still and methods of prevention on ground he had not qualified as expert held not abuse of discretion.

In action for injuries to domestic corporation's employee while engaged in repairing a still in foreign oil-refining corporation's plant when gas in still exploded, exclusion of opinion testimony of witness who had worked in several refineries as to cause of accident and means which should have been used to prevent gas from flowing back into still on ground that witness had not qualified as expert, *held* not abuse of discretion or erroneous, since mere fact that witness had experience in working in several refineries did not qualify him as expert on the technical scientific questions involved.

5. Explosives ⊜⇒8—In absence of evidence that gas exploding flowed into oil-refinery still, expert testimony as to means of preventing flow was immaterial.

Where there was no evidence that explosion of gas in still of oil-refining company, while still was being repaired by plaintiff and others, resulted from gas flowing into still after workmen had entered it, expert testimony as to proper means of preventing gas from backing into still in such cases, offered to establish refining company's negligence, would be immaterial, and its exclusion was not error, even if witness qualified as expert.

6. Explosives ⊜⇒8—Evidence as to cause of explosion of gas in refinery still held insufficient for jury on issue of liability to repairer.

In action for injuries to domestic corporation's employee while engaged in repairing a still in foreign oil-refining corporation's plant when gas exploded in still, evidence as to cause of explosion *held* insufficient to take case to jury, and court properly directed verdict for defendant refining company.

In Error to the District Court of the United States for the District of Wyoming; T. Blake Kennedy, Judge.

Action by Sol Epperson against the Midwest Refining Company and another, which was removed to the federal court. Judgment for the named defendant, and plaintiff brings error. Affirmed.

George W. Ferguson and I. G. McCann, both of Casper, Wyo., for plaintiff in error.

A. K. Barnes, of Denver, Colo. (Frederick D. Anderson, of Denver, Colo., and John B. Barnes, Jr., of Casper, Wyo., on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

POLLOCK, District Judge. This action was brought by plaintiff in error in a court of the state against the present defendant in error and a corporation of the state of Wyoming called the Wyoming Iron Works Company (hereinafter called the "Iron Com-

pany"). For convenience, the parties will be referred to as on the record in the trial court.

[1] The purpose of the action was to recover a judgment for damages for personal injuries received by plaintiff while at work as an employé of the iron company repairing a still in the plant of the refining company by reason of gas in some manner coming into the still or remaining in the still in which he was working, which, being ignited in some manner, caused an explosion from which serious injuries were received by plaintiff. Before trial, and in timely way and manner, the case was removed by the refining company into the federal court on the ground of a separable controversy between plaintiff and the refining company. Motion to remand was denied, and this is one of the errors of which complaint is made.

[2] An examination of the record discloses no error in overruling this motion to remand, and this for two reasons: First, it appears with reasonable certainty from the record the only causes of action plaintiff had as against the iron company, a domestic corporation, was under the compensation laws of the state of Wyoming, of which law this court takes judicial notice. Such remedy by the express terms of the act is exclusive of all others.

Again, the cause of action pleaded against the refining company is one arising at the common law. That company was not amenable to or liable under the workmen's compensation law of the state, hence, as the only cause of action pleaded or attempted to be pleaded is one for which the refining company alone could be adjudged liable in law there was but a single cause of action pleaded against a single defendant, the refining company, and it being a citizen of a foreign state (Maine), the cause was properly removed into the federal court. Hukill v. Maysville, etc., R. Co. (C. C.) 72 F. 745; Chattanooga, etc., R. Co. v. Cincinnati, N. O. & T. R. Co. (C. C.) 44 F. 456; Bryce v. Southern R. Co. (C. C.) 122 F. 709; Floyt v. Shenango F. Co. (C. C.) 186 F. 539; McAllister v. Chesapeake & O. R. Co. (D. C.) 198 F. 660; Richardson v. Southern, etc., Co. (D. C.) 209 F. 949.

[3] Again, were both defendants liable to an action at the common law, yet, as pleaded in this case, all the actionable negligence charged as well as pleaded is against the refining company alone, it must be remembered the property in which the plaintiff was engaged to work was the property of the refining company although the iron company, the employer of plaintiff, was doing the work of repairing the still. In charging negligence the plaintiff alleges in paragraph 6 of his petition, as follows:

"VI. That while so employed and engaged in said work for his said employer the said defendant, the Midwest Refining Company, carelessly and negligently caused and permitted a highly explosive gas to back into, escape into, run into and to fill said still numbered twenty-seven (27), without the knowledge or consent of plaintiff, which said gas without warning instantaneously exploded.

* * * * * * * * * * *

"VIII. That said injuries to plaintiff so caused by the carelessness and negligence of the defendant, the Midwest Refining Company, in said explosion are of a permanent character."

True, in paragraph 9 the pleader does charge as follows:

"IX. That said explosion and injuries to plaintiff were caused by the negligence and carelessness of the said defendants, each and both of them, in permitting said gas to so back into, enter and fill said still while the plaintiff was at work therein."

But the pleading taken in the light of the prior allegations found in the petition limiting the negligence complained of alone to the refining company, the matter here complained of, in allowing the back flow of gas in the still, must be limited to the refining company alone, for, in the very nature of things, this was something over which the iron company had no duty to perform and no right of control or superintendence. There was no error in overruling the motion to remand.

But two assignments of error remain for consideration: (a) In rejecting evidence of the witness Lewis offered by plaintiff; (b) in directing a verdict for defendant refining company.

[4] The iron company was not brought in the case in the court below and is not here. The evidence of the witness Lewis was offered on the theory the explosion was caused by gas or fumes flowing back into the still after it had been steamed out and the plaintiff, with others, had been directed to enter the still for the purpose of repairing it, and on the further assumption if what is known and called a blind gasket had been placed in the vapor flow line leading to the still, the combustible substance which ignited causing the explosion would not have come into the still while the repair men were therein at work. It is at once apparent evidence of such a nature could have been obtained only from an expert having a peculiar knowledge of the scientific principles on which such vapor lines were constructed and the mechanical op-

eration of a blind gasket. It is evident the expert evidence sought by plaintiff on this head was excluded by the trial court on the ground the witness had not been shown to be qualified to speak on such subject. And in view of his qualifications as shown from the record, while he had experience in working in several refineries prior to the time he was called as a witness in this case, yet such experience did not necessarily qualify him to speak as an expert on the technical question presented. The fact that refineries he had known did use blind gaskets neither proved nor tended to prove the refining company in this case was negligent in not equipping its flow line with the same.

[5] Again, it is in evidence the vapor lines leading to the still were closed by stopcocks which would prevent the flow of vapors through the lines unless the stopcocks were defective and leaked, and there is no showing the valves did leak. It follows, the question of the necessity for the use of blind gaskets in the flow line in this case is not established by the evidence, or that the failure to employ was negligence on the part of the refining company. As all this called for the opinion of an expert skilled in the scientific principles on which the vapor lines leading to the still being repaired were constructed, whether the failure to employ the same was negligence could only be proven by a qualified expert, it cannot be said the trial court's judgment that the witness had not shown himself qualified to testify was an abuse of his discretion or was erroneous. Again, there is no evidence to be found in this record establishing the fact that the gas which ignited in the still being repaired flowed into the still while the workmen were in the act of repairing it. Therefore the evidence offered, if the qualifications of the witness Lewis as an expert had been established, would have been immaterial in this case.

[6] Coming now to the question of the directed verdict, it may be said: There is abundant evidence in this record that there was a very strong odor of gas remaining in the still at the time the workmen, including plaintiff, went in to do the repair work. Whether this gas was in sufficient quantity to ignite and cause the explosion without more being introduced no one can tell from the evidence found in this record. Plaintiff was thoroughly familiar with the danger of working in the still in question with gas in a considerable quantity found in the still. Who it was, if any one in authority with the refining company, who informed the workmen of the iron company, including the plaintiff, that the still was empty of gas and prepared for repair work to be done, or what authority he had to bind the refining company, the evidence does not disclose. Whether any gas did actually escape into the still after the repair men went in to do the work of repair cannot be found established by the evidence in this record. How or by what means the gas in the still became ignited cannot be told, and no negligence of the defendant refining company as to the method of construction or state of repair of the electric lighting system employed and furnished is found pleaded or relied upon by plaintiff. In short, the precise manner in which the gas became ignited, or why, cannot be found in this record unless it came from two fellow workmen of plaintiff in handling and endeavoring to repair a dead electric light bulb. Hence, had the trial court on this record submitted the case to the jury all that body could have done to arrive at a verdict for the plaintiff would have been to base it upon mere speculation or guess and not upon the evidence found in the case. As this is not permitted the only correct order which could be made by the trial court was the peremptory instruction given.

Finding no prejudicial error in the record, the judgment must be affirmed.