**GOVERO v. PITTSBURGH PLATE GLASS CO. et al.**

**No. 10.**

District Court, E. D. Missouri, E. D.

Dec. 2, 1938.

Leahy, Walther, Hecker & Ely, and J. L. London, of St. Louis, Mo., for plaintiff.

Everett Paul Griffin, of St. Louis, Mo., for defendants.

COLLET, District Judge.

This cause is pending on plaintiff's motion to remand and defendants' motion to dismiss.

Plaintiff, a resident of Missouri, is a former employee of the defendant Pittsburgh Plate Glass Company, a Pennsylvania Corporation. The other defendants, H. H. Hanna and William H. Danks, are the Superintendent and Assistant Superintendent of the defendant Pittsburgh Plate Glass Company. Both are residents of Missouri. The corporate defendant removed the cause from the State Court.

■ The action is based on common law negligence and on the Missouri Occupational Disease Statute, Sections 13252 et seq., R.S.Mo.1929, Mo.St.Ann. § 13252 et seq., p. 4803 et seq. The petition charges negligence on the part of all defendants (1) in ordering and compelling plaintiff to work in an unsafe place under improper conditions (common law negligence), and (2) in failing to provide plaintiff with the protection which the statute referred to requires. The charge of common law negligence sufficiently alleges misfeasance (as distinguish-

ed from non-feasance) on the part of the individual resident defendants and states a cause of action against these defendants. The petition may state a cause of action against all defendants under the statute. See Martin v. Eagle Picher Lead Co., D.C. Mo., 21 F.Supp. 142. Hence, there can be no fraudulent joinder.

The verified petition for removal undertakes to allege that the Missouri Workmen's Compensation Act (Chapter 28, section 3299 et seq., R.S.Mo.1929, as amended Laws Mo.1931, Page 382, Mo.St.Ann. § 3299 et seq., p. 8229 et seq.) applies to plaintiff's injuries. It is asserted that these facts relative to the applicability of the Compensation Act should be considered in determining whether the action is a severable one. There is authority for defendants' position that if the Compensation Act was applicable, since the remedy it provides against the employer is exclusive, an action at law against the employer and others is a severable one. Jackson v. C. R. I. & P. Ry. Co., 8 Cir., 178 F. 432 (8); Epperson v. Midwest Refining Co., 9 Cir., 22 F.2d 622 (8).

However that may be it is unnecessary to decide since a careful reference to the removal petition discloses that facts are not there alleged which would make the Compensation Act applicable. The allegations relative thereto are as follows: "This petitioner further states that it is a major employer under the Missouri Workmens Compensation Act and an authorized self insurer, and that the employer has elected to come under and that it has never rejected the Workmens Compensation Act as to accidental injuries and that it has elected to come within the provisions of the Workmens Compensation Act as to occupational diseases, and that the employer has complied with all the provisions necessary to bring it effectively within the terms of the Workmens Compensation Act, and that the employee has never rejected the provisions of said Act."

It is to be noted that there is no statement showing when defendant elected to come within the provisions of the Compensation Act as to occupational diseases. That Act provides that it shall not be applicable *as to occupational diseases* until the employer elects to accept it. See Laws Mo. 1931, Page 383, Mo.St.Ann. § 3305, p. 8238. Plaintiff terminated his employment with defendant in November, 1937. The petition

for removal was sworn to August 25, 1938, and filed August 26, 1938. Therefore, even if the alleged facts be considered and accepted as true (there being no denial by plaintiff) it still does not definitely appear that the Compensation Act was in force as to plaintiff and this defendant at the time of plaintiff's injury.

Another objection to retaining jurisdiction appears. The petition alleges that plaintiff's injury consists of an occupational disease described as a chronic irritation of his lungs set up as a result of many years of exposure to the conditions which constitute the basis for the charges of negligence above referred to. It is alleged that defendant knew of this condition (although plaintiff did not) for a period of more than eight years; that plaintiff became totally disabled and has lost his earnings since November, 1937. Under these facts the question arises as to when the injuries may be said to have occurred. The occupational disease amendment to the Missouri Compensation Act did not become a law until 1931. If it might be assumed that this defendant accepted the provisions of the amended Act immediately after its effective date, can it be said with reasonable certainty that the injury occurred or was materially contributed to after the effective date of the Act and its acceptance? Although it was held by the Circuit Court of the City of St. Louis in General Term that the injury would be said to have "occurred" on the date when disability occurred or the injury was known in occupational disease cases of a character which were of a gradually progressive nature, yet the Supreme Court of Missouri has never decided that question. The St. Louis Court of Appeals has indicated a contrary rule by approving an instruction authorizing a recovery for negligence in spite of the Compensation Act if the jury found that death had resulted from disease *contracted* prior to the acceptance of the occupational disease amendment. Cleveland v. Laclede-Christy Clay Products Co., Mo.App., 113 S. W.2d 1065. Obviously, the question is uncertain and jurisdiction should not be retained. Morris v. E. I. Du Pont De Nemours & Co., 8 Cir., 68 F.2d 788, Wells v. Mo. Pac. R. Co., 8 Cir., 87 F.2d 579.

For the reasons stated, the motion to remand must be sustained. It is so ordered.

The motion to dismiss is not ruled.