## YOUNG v. SCHMITT et al.
### No. 65.

District Court, W. D. Missouri, W. D.
Dec. 29, 1938.

## FEINBERG v. UNITED STATES.
### No. 3802.

District Court, D. Connecticut.
Dec. 1, 1938.

Benjamin F. Goldman, of New Haven, Conn., for plaintiff.

V. J. Sacco, Asst. U. S. Atty., of Hartford, Conn.

906

Clif Langsdale, of Kansas City, Mo., for plaintiff.

Leo T. Schwartz, of Kansas City, Mo., for defendant York Ice Machinery Corporation.

COLLET, District Judge.

The petition alleges that all of the defendants were engaged in the business of installing electrical apparatus and other machinery in a building occupied by defendant Seven Up Kansas City Company; that plaintiff was in the employ of all of the defendants in the installation of the electrical apparatus and machinery; that the defendants and each of them negligently caused and permitted a switch carrying high voltage wires to be without covering when they knew, or by the exercise of the degree of care required by law would have known, that plaintiff would be working about the switch and be injured thereby; that while plaintiff was pursuing his employment he did come in contact with the open switch and was injured.

Defendants Schmitt and the Seven Up Kansas City Company are residents of Missouri. The defendant York Ice Machinery Corporation is a resident of Pennsylvania. Plaintiff is a resident of Missouri. The cause was removed by defendant York Corporation upon the ground that plaintiff's allegation to the effect that he was employed by the defendant York Corporation is untrue and fraudulently made to prevent removal.

No attack is made on the sufficiency of the petition as to the resident defendants.

Evidence was offered which tended to show that the defendant York Company was not plaintiff's employer and that it had nothing to do with the installation, maintenance or control of the switch. Assuming that these facts are established, the result is that there is no cause of action against the York Corporation. The joinder of a non-resident defendant against whom no cause of action is stated, or against whom no cause of action actually exists, furnishes no ground for removal. On motion to remand this Court will not pass upon a demurrer to the evidence as to the non-resident defendant. When a cause of action is stated against a non-resident defendant in-

quiry will be made to determine whether a cause of action is stated against a resident defendant, jointly sued. And, when fraudulent joinder of the resident defendant is alleged, that also may be determined on motion to remand. But these questions are considered not for the purpose of determining the cause on the merits, but for the purpose of ascertaining if the cause of action stated against the non-resident is actually the only cause of action involved in the controversy. If the latter question be answered affirmatively, then the action was properly removed, otherwise not. But when the facts alleged or proven on motion to remand disclose no action against the non-resident on any theory, the non-resident defendant can no longer successfully contend that there is a separate cause of action stated against him which he has the right to have determined in the Federal Courts. The motion to remand may not be utilized as a means of having the merits of the controversy determined on demurrer. The State Courts must be depended upon to discharge the non-resident defendant where there is no existing cause of action against it. Therefore, fraudulent joinder, as that term is generally used in proceedings of this character, furnishes no ground for retention of jurisdiction when the alleged fraud consists in the joinder, without justification, of a non-resident defendant. The cases cited by defendant York Company all involve situations where there is a cause of action stated against the non-resident defendant and none or a different one against the resident defendant.

▮▮▮ Defendant suggests that the Missouri Workmen's Compensation Act, Mo. St.Ann. § 3299 et seq., p. 8229 et seq., will be presumed to apply to the York Company, barring all actions against it for negligence, and furnishing plaintiff a different remedy and cause of action against that Company from the cause of action existing against the other defendants and hence a separate controversy against the York Company exists. See Epperson v. Midwest Refining Co., 8 Cir., 22 F.2d 622. Such a position belies the evidence it offered. But aside from that, under the law of Missouri as announced by the Supreme Court the application of the Workmen's Compensation Act will not be presumed. Kemper v. Gluck, 327 Mo. 733, 39 S.W.2d 330.

For the reasons indicated, the motion to remand will be sustained by appropriate order.