**Jack SNYDER, Plaintiff,**

v.

**COLUMBIA COAT COMPANY and Ted Brooks Clothing Co., Inc., Defendants.**

Civ. No. 15426.

United States District Court
E. D. New York.

June 30, 1955.

M. Benjamin Baron, New York City, for plaintiff.

Silver & Bernstein, New York City, for defendants.

BYERS, District Judge.

Two motions are before the court in this case in which plaintiff asserts that the first named defendant is indebted to him for commissions earned while in its employ as a salesman in the clothing business.

His employer, Columbia Coat Company, is a Massachusetts corporation, while the plaintiff is a citizen of New York.

The second named defendant, Ted Brooks Clothing Co., Inc., is a New York corporation, and a customer of the defendant Columbia; the plaintiff avers

that under his contract of employment he has earned commissions on sales made by Columbia to Brooks during the years 1950 to 1955, inclusive, which constitute part of the sum that he seeks to recover.

So much of the controversy presents no procedural problem.

The Brooks Company is joined as a party defendant, not because it owes the plaintiff any commissions, but because it is alleged in paragraphs twenty-eighth to thirty-fourth, inclusive, of the complaint, that it conspired with Columbia to conceal the sales so made to it during the years named, to the plaintiff's damage in the sum of $10,000, which he seeks in addition to the sum of $34,045 sought to be recovered from Columbia.

The cause was started in the Supreme Court of New York, Kings County, and removed to this court on the petition of Columbia on the grounds of diversity of citizenship between plaintiff and it; and also that the joinder of Brooks was a mere subterfuge to prevent removal, since no real cause of action is pleaded against Brooks. Thus the two motions which are disposed of jointly, namely, the plaintiff's to remand because both he and Brooks are citizens of New York, and the defendant Brooks' for summary judgment on the ground that the pleadings, exhibits and affidavits disclose that there is no genuine issue of fact to be determined and that the defendant Brooks is entitled to judgment as a matter of law.

It will be convenient to consider that motion primarily.

The various pleadings, affidavits and exhibits are convincing that the joinder of Brooks is the veriest subterfuge to portray a non-existing controversy so far as that defendant is concerned. By no stretch of the imagination or legal subtlety can it be seen that the plaintiff can recover from Brooks.

He was employed by Columbia, and if he has earned commissions which have been unjustly withheld, his remedy is against his employer. Even if Brooks was in cahoots with Columbia, which contention seems almost to be abandoned in plaintiff's affidavit of June 17, 1955, it was still the alleged failure of Columbia to pay commissions which is the basis of plaintiff's claim. Whether that failure involved the cooperation of Brooks is a mere matter of proof in the trial of the case against Columbia.

■ If plaintiff recovers from his employer, it will be because the latter owes him commissions that have not been paid, and that recovery, if had, will afford him the only redress to which he is entitled. In other words, there is no issue of fact to be tried against Brooks, and the latter's motion is therefore granted. Cf. Young v. Schmitt, D.C., 25 F.Supp. 905; Shane v. Kansas City So. Ry. Co., D.C., 121 F.Supp. 426, 427, at page 429.

■ The motion to remand is denied, since the only real controversy is between the plaintiff and Columbia, a Massachusetts corporation.

Settle order.