Willis WOODSON

v.

ROBINTECH, INC.

Civ. A. No. 83–2531.

United States District Court, E.D. Louisiana.

Dec. 23, 1986.

Gerald E. Meunier, Kierr, Gainsburgh, Benjamin, Fallon & Lewis, New Orleans, La., for plaintiff.

John F. Whitney, Barham & Churchill, New Orleans, La., for defendant.

## MINUTE ENTRY

ROBERT F. COLLINS, District Judge.

Plaintiff, Willis Woodson, has moved the Court to lift the Stay that has been placed on the above captioned action. Arguments were heard by the Court on September 24, 1986, and the motion was then taken under submission. For the following reasons, the motion is hereby DENIED.

This action was filed on May 23, 1983 and alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5; the Civil Rights Act of 1870, 42 U.S.C. § 1981; and the Civil Rights Act of 1871, 42 U.S.C. § 1985(3). On July 7, 1983, a Petition in Involuntary Bankruptcy was filed against defendant, Robintech, Inc., in the Northern District of Texas. That action was later converted to one for a Chapter 11 Reorganization. On July 27, 1983, the Court entered an Order staying the instant case pending the bankruptcy proceedings. On August 31, 1983, a Formal Notice of Bankruptcy Proceedings and Automatic Stay was filed by defendant, and the Court closed this case for statistical purposes on March 21, 1984.

On February 29, 1984, Robintech submitted a Reorganization Plan to the Bankruptcy Court, which was later amended on April 23, 1984. This amended plan was confirmed by that Court on May 29, 1984. Woodson did not file a claim in that proceeding and, consequently, was not included as part of the Reorganization Plan. Plaintiff now seeks to lift the automatic stay that was put on the instant action.

The bankruptcy procedure is designed to bring claims against a debtor into one common forum and thereby provide fair treatment to the debtor and his creditors. *In re Holtkamp*, 669 F.2d 505, 508 (7th Cir.1982). To this end, specific rules must be followed, wherein the debtor must list the suits, executions and attachments to which he is a party. Robintech incorporated into these schedules a list of cases to which it was a party, *including* the instant action. It is also clear that plaintiff received actual notice of the bankruptcy proceeding because he sent a letter to the Clerk of the Bankruptcy Court asking to be kept appraised of the progress of the discharge.

When a Reorganization Plan is confirmed, all of the debtor's property vests in his estate except as otherwise provided for in the Plan. 11 U.S.C. § 1141. The confirmation of a Plan discharges the debtor from any debt that arose before the date of such confirmation. *Id.* A discharge operates as a permanent injunction against the continuation of an action to collect a debt from the property of the debtor. 11 U.S.C. § 524(a)(2).

The Bankruptcy Court has exclusive jurisdiction to adjudicate the dischargeability of debts and claims, and the scope of such a discharge. This Court is therefore the incorrect forum for this motion, as there is no jurisdiction.

Therefore, the motion of plaintiff, Willis Woodson, to lift the Stay is DENIED.