**Phillip DRAPER, Rosemary Draper and James Rusk, Plaintiffs,**

v.

**CASTLE HOME SALES, INC. and C.I.T. Group/Sales Financing, Inc., Defendants.**

No. LR-C-88-839.

United States District Court, E.D. Arkansas, W.D.

May 15, 1989.

Stephen Bennett, North Little Rock, Ark., for plaintiffs.

John E. Tull, III, Little Rock, Ark., for defendants.

ORDER

ROY, District Judge.

Before the Court is the plaintiff's "Response to Petition for Removal". The de-

fendant C.I.T. has responded and the matter is now ripe for determination.

Plaintiff originally brought suit in state court, alleging that the contract and security agreement which was entered into between plaintiff and defendants for the purchase of a mobile home was usurious, in that the contract annual percentage rate of 16% exceeds the 12.5% limit in effect at the time of making of the contract, pursuant to Amendment 60 of the Arkansas Constitution.

The defendant C.I.T. filed a Petition for Removal and Answer in federal court, alleging that the transaction is exempt from state usury laws pursuant to 12 U.S.C. § 1735f–7.

Thereafter, plaintiff filed a one-page pleading entitled "Objection to Removal," and the Court directed plaintiff to file the appropriate motion and brief. The defendant C.I.T. then filed its Motion for Summary Judgment, stating that Amendment 60, upon which plaintiff relies as the basis for his cause of action, has been preempted by federal law therefore defeating plaintiffs' claim. In addition, C.I.T. argues that plaintiff's claims were discharged in bankruptcy after defendant Castle Home Sales, Inc. filed bankruptcy. This argument is based upon the fact that Castle assigned its rights to the contract in question to C.I.T. Any claims plaintiffs may have had against Castle and, therefore, C.I.T. had to be filed prior to November 23, 1987. It is alleged that notice of the bar date was given and it passed without the plaintiffs ever filing a claim against Castle.

In its "Response to Petition for Removal" and brief in support thereof, plaintiff argues that diversity of citizenship is lacking between the parties and that this case arises under state law.

■ Under 28 U.S.C. § 1331, the district courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. Diversity is not necessary if the facts indicate that the district court has original jurisdiction of the claim. Defendant has properly set out the applicable law regarding whether federal preemption confers a basis for removal.

Only state court actions that originally could have been filed in federal court may be removed under 28 U.S.C. § 1441. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Whether federal question jurisdiction exists is governed by the "well-pleaded complaint" rule. *Id.* 107 S.Ct. at 2429. Ordinarily, the issue of federal preemption is a defense to the plaintiffs' complaint and does not confer a basis for removal under 28 U.S.C. § 1441. *Id.* at 2430. However, an independent corollary to the well-pleaded complaint rule is the "complete preemption" doctrine. If Congress has so completely preempted a particular area, then any civil complaint raising this select group of claims is necessarily federal in character. *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim and therefore arises under federal law. *Caterpillar, Inc., supra,* 107 S.Ct. at 2430.

In the present case, Congress has attempted to completely preempt state usury laws which limit the amount of interest that can be charged on a federally-related loan secured on a residential manufactured home. *See* 12 U.S.C. § 1735f–7 and 12 C.F.R. § 590 3(a)(iii). Therefore, the plaintiffs' claim arises under federal law.

■ Removal would also be proper based upon diversity jurisdiction. Even though the plaintiffs and defendant Castle Homes Sales, Inc. ("Castle") are Arkansas residents, Castle has not been properly made a party to this suit. It has been held that diversity jurisdiction is not destroyed by joinder of a non-diverse party if such joinder is fraudulent. *Young v. Schmitt,* 25 F.Supp. 905 (W.D.Mo.1938). The test for fraudulent joinder is whether there is a possibility that the plaintiff has stated a cause of action against the party who is allegedly fraudulently joined. *Barnes v.*

*Southwestern Bell Telephone Co.,* 596 F.Supp. 1046 (W.D. Ark.1984).

Castle filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. The plan was confirmed on November 23, 1987, and Castle was discharged to the extent of all prepetition claims against it. This discharge would preclude Castle's inclusion as a party to this lawsuit. 11 U.S.C. § 524(a)(2). In plaintiffs' response to the petition for removal, the plaintiffs state that since Castle has not filed an answer, defendants' allegations regarding bankruptcy should be disregarded. Even if considered, plaintiffs basically argue that Castle was not discharged of the debt in question. However, as pointed out by the defendant, the Court in *Woodson v. Robintech, Inc.,* 69 B.R. 77 (E.D.La.1986) held that "it is the Bankruptcy Court that has exclusive jurisdiction to adjudicate the dischargeability of debts and claims, and the scope of such a discharge." *Id.* at 78.

Based upon the above, the Court finds that Castle is not a proper party and diversity jurisdiction exists.

 Even though it is the general rule under 28 U.S.C. § 1446(a) that all of the defendants are to join in the removal petition, *Chicago Rock Island & Pacific Railway Co. v. Martin,* 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900)[1], and only C.I.T. filed the removal petition, improperly joined defendants need not join in the petition. *See* Wright, Miller & Cooper, 14A *Federal Practice and Procedure: Jurisdiction 2d,* § 3731, at 508–509. Based upon the foregoing discussion, Castle's failure to join in the removal petition is not fatal to the removal.

The Court finds removal to be proper in this case.

ORDERED.

---

1. This rule has been held to be applicable in federal question cases as well as diversity cases.

*Aguiar v. Evans,* 607 F.Supp. 1418 (E.D.Va. 1985).