ANDERSON vs. WEHE.

*February 4 — March 3, 1885.*

*Attachment: Fraudulently contracting debt: Evidence of intent.*

1. A finding of the trial court that the defendant fraudulently contracted the debt in suit, is *held* to have been sustained by the evidence.
2. The direct testimony of a party as to the intent with which he did an act does not necessarily outweigh the evidence of circumstances tending to show a different intent.

APPEAL from the Circuit Court for *Ashland* County.

The case is sufficiently stated in the opinion.

The cause was submitted for the appellant on the brief of *Cottrill & Hanson,* and for the respondent on that of *Knight & Hayes.*

TAYLOR, J.  This is an appeal from an order of the circuit court sustaining an attachment, after a trial upon a traverse of the affidavit upon which the attachment issued.

The issue tried upon the traverse was whether the debt, to recover which the action was brought, was fraudulently contracted. Upon this issue the trial court found in favor of the respondent, that the debt was fraudulently contracted. The defendant appeals, and assigns for error that such finding is not supported by the evidence. After a careful consideration of the evidence, we think such finding is well supported. The main reliance of the learned counsel for the appellant is upon the evidence of the appellant himself. It is urged that the testimony of the appellant on the trial that he did not intend any fraud when he contracted the debt, and that he then intended to and expected to be able to pay the same when due, ought to outweigh all the other evidence in the case which tends to prove a fraudulent intent. It is true that this court, as well as many other courts, holds that, upon a question of the intent with which an act was done, the party doing the act may testify directly; but it has never been held that such direct negative testimony must necessarily outweigh the evidence of facts and circumstances tending to prove such intent. *Wilson v. Noonan*, 35 Wis. 355; *Forbes v. Waller*, 25 N. Y. 439; *Plank v. Grimm*, *ante*, p. 251. The evidence in this case, other than that given by the appellant himself, tends very strongly to establish the fact of the fraudulent intent in contracting the debt, and it was for the trial court to determine that fact upon all the testimony in the case. We cannot say, from the evidence contained in the record, that the finding of the court is against the clear preponderance of the evidence given on the trial, and we must therefore sustain such finding.

*By the Court.*— The order of the circuit court appealed from is affirmed, and the cause is remanded for further proceedings.