Street vs. Johnson.

---

STREET, Respondent, vs. JOHNSON, Appellant.

*October 21 — November 17, 1891.*

*Libel: Sale of paper containing libel: Ignorance of contents: Pleading.*

A complaint alleging that the defendant wilfully and intentionally sold and delivered copies of a newspaper containing a libelous article, need not further allege that he knew such paper contained the libel. Ignorance of that fact is a matter of defense.

Street vs. Johnson.

APPEAL from the Circuit Court for *Douglas* County.

This is an action for libel. The complaint alleges, in effect, that October 20, 1890, the defendant was the owner and keeper of a news-stand and the vender of newspapers at the city of Superior; that as such he wilfully and intentionally sold and delivered at said stand, to a large number of the people of said city who read the same, copies of a newspaper named "The Sunday Sun," of the date of October 18, 1890, containing a false, defamatory, scandalous, and libelous article in the false, libelous, and defamatory words therein set forth, and which were printed and published of and concerning the plaintiff; that the article referred to, among other things, contained statements to the effect that with a contracted fanaticism, which has done more in the past than the weakness or vices, so considered, of mankind to retard Christian progress and sobriety, the alleged ladies of the W. C. T. U. have been perambulating the streets of West Superior in an ineffectual attempt to prevent the Sunday Sun from being purchased by the inhabitants of that place; that these alleged ladies, ignorantly no doubt, brazenly lowered themselves to a level which they would or should blush, if they possessed the modesty which society women are presumed to possess, to see that level described in black type; that the time used up by these women in visiting newsdealers to urge them to sell the Sun no longer, might undoubtedly be more profitably used by them had they been scrubbing their filthy kitchens, patching their husband's trousers, or hemming handkerchiefs for the little cold, moist noses of their children during the coming winter; that women like the West Superior brand of the W. C. T. U. have little Christianity except that which they flaunt on dress parade; that this sort of W. C. T. U. women are usually indifferently good mothers, wives, or daughters, and are intermeddlers who accomplish nothing and neglect the duties God has created them for; that it

surely cannot be possible that a pushing, thriving young city like West Superior is to be circumscribed within the circumference of such a pair of petticoats; that their companions were tarred with their company; that we feel certain that the Sun is right.

To that complaint the defendant demurred upon the ground that the same did not state facts sufficient to constitute a cause of action. From the order overruling that demurrer, the defendant appeals.

For the appellant there was a brief by *Thorson & Skinvik,* attorneys, and *Knowles, Dickinson, Buchanan, Graham & Wilson,* of counsel, and oral argument by *O. M. Skinvik.*

For the respondent there was a brief by *Ross, Dwyer & Smith,* and oral argument by *C. Smith.*

CASSODAY, J. Within the rules of law frequently announced by this court we must hold that the article in question was libelous *per se. Bradley v. Cramer,* 59 Wis. 309, and cases there cited; *Guuvreau v. Superior Pub. Co.* 62 Wis. 409; *Moley v. Barager,* 77 Wis. 43. The principles upon which such rules are based, and the reasons for the same, need not be here repeated. The question presented is one of pleading. Upon this demurrer the allegations of the complaint must be taken as true. 62 Wis. 407. This being so, we must assume for the purpose of this appeal that the article was published of and concerning the plaintiff; that it was false; and that the defendant wilfully and intentionally sold and delivered the paper containing the article as therein alleged.

The learned counsel for the defendant contends with much ingenuity that the defendant can only be held liable in case he so sold and delivered the paper knowing that it contained the article in question; and hence that the complaint is defective in not alleging that he knew the paper

contained such article at the time of making such sale and delivery. The authorities are to the effect that the mere seller of newspapers is not liable for selling and delivering a newspaper containing a libel upon the plaintiff if he can prove upon the trial to the satisfaction of the jury that he did not know that the paper contained a libel, that his ignorance was not due to any negligence on his part, and that he did not know, and had no ground for supposing, that the paper was likely to contain libelous matter. *Emmens v. Pottle*, 16 Q. B. Div. 354; *Reg. v. Judd*, 37 Weekly Rep. 143; *Chubb v. Flannagan*, 6 Car. & P. 431; *Smith v. Ashley*, 11 Met. 367. But it seems to be equally well settled that such sale and delivery of a newspaper containing a libel is *prima facie* the publication of such libel, and hence makes such vendor *prima facie* liable therefor. Thus, in *Emmens v. Pottle, supra*, Lord ESHER, M. R., speaking for the court, said: "I agree that the defendants are *prima facie* liable. They have handed to other people a newspaper in which there is a libel on the plaintiff. I am inclined to think that this called upon the defendants to show some circumstances which absolved them from liability, not by way of privilege, but facts which show that they did not publish the libel." To the same effect is *King v. Amphlit*, 4 Barn. & C. 35. It is stated as elementary law that "every sale and delivery of a written or printed copy of a libel is a fresh publication; and every person who sells or gives away a written or printed copy of a libel may be made a defendant, unless, indeed, he can satisfy the jury that he was ignorant of the contents. The *onus* of proving this lies on the defendant." Odger, Sland. & L. 160.

Since, under the authorities cited, proof of sale and delivery of the paper containing the article in question would be *prima facie* evidence of the wilful and malicious publication of the libel, the allegation to the effect that the defendant wilfully and intentionally sold and delivered the

paper containing the article would be an allegation of the only fact the plaintiff would be required to prove in order to make out a *prima facie* case. This being so, such allegation would seem to be sufficient, without going further and alleging that the defendant knew that the paper contained the libel; otherwise the plaintiff would be required to allege what he would not be required to prove. Besides, the question whether the defendant knew that the paper contained the article was a fact within his own knowledge, and hence his want of such knowledge is peculiarly a matter of defense.

*By the Court.*— The order of the circuit court is affirmed.

See note to this case in 14 L. R. A. 203.— Rep.