**WELLS v. MISSOURI PAC. R. CO. et al.**

**No. 10711.**

Circuit Court of Appeals, Eighth Circuit.

Jan. 26, 1937.

580

Tom W. Campbell, of Little Rock, Ark. (J. H. Lookadoo, of Arkadelphia, Ark., on the brief), for appellant.

Henry Donham, of Little Rock, Ark. (Robert E. Wiley, of Little Rock, Ark., on the brief), for appellees.

· Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment below dismissing, for want of prosecution, an action for damages brought originally by the appellant in the Circuit Court of Clark County, Ark., against L. W. Baldwin and Guy A. Thompson, trustees of the Missouri Pacific Railroad Company, and one Jack Creth. The nonresident trustees removed the case to the federal District Court on the ground that the complaint alleged a separable controversy against them from that alleged against the resident defendant Creth. The appellant moved to remand. The motion was denied and, for failure of the appellant to prosecute further in the federal court, the cause was dismissed. The error assigned is the failure of the lower court to remand the case to the state court.

The appellant in his original petition alleged that on the morning of August 11, 1935, he rode defendant trustee's railway train, as a paying passenger, from Gurdon, Ark., to Wheelen Springs, Ark.; that, on the arrival of the train at Wheelen Springs, defendant Jack Creth, whose duty it was, acting for the defendant trustees, to assist passengers in getting on and off the train and to set a footstool below the last step for the passengers to step on in getting on and off, got off the train before appellant got off; that appellant knew of defendant Creth's duty, as he had previously ridden this train and gotten off at Wheelen Springs; that at the particular time complained of defendant Creth, acting for the defendant trustees, carelessly and negligently did not place the footstool down, as it was his duty to do, and carelessly and negligently failed to warn the passengers that the footstool was not in its accustomed place or to watch their step; that the appellant, in the exercise of all precaution required of a reasonable and prudent person under the circumstances, started down the steps in his usual and customary manner, and, as he stepped from the last step, due to the absence of the footstool, fell to the ground, suffering certain injuries; and that his injuries were caused by the joint and concurrent negligence of the above-named defendants in the particulars described.

The nonresident defendants, in their petition for removal, alleged the diversity of citizenship between themselves and the appellant, and that appellant had, for the fraudulent purpose of depriving the United States District Court of its jurisdiction to try and determine the cause, joined Creth in the complaint as a party defendant without any intention to prosecute the action against him. The petition further denied the allegations of negligence of the original complaint; denied that the appellant exercised any precaution in getting off the coach and that appellant sustained any injuries by reason of any negligence on the part of defendant Creth. It was further alleged that, if appellant was injured, it was due to his own failure to exercise due care in getting off the coach; that the original complaint failed to allege any act of misfeasance on the part of Creth which could have contributed to any of the alleged injuries; that appellant knew he had no cause of action against Creth; and that for failure of the complaint to state a cause of action against Creth there existed a separate and separable controversy against the petitioners from that alleged against their codefendant Creth.

The appellant in his motion to remand took issue with and traversed all the allegations of the petition for removal except that of diversity of citizenship between himself and the petitioners.

At the outset the appellees contend that, as the appellant has failed to bring up the evidence taken below on the motion to remand, the judgment must necessarily be affirmed, basing their contention upon an alleged rule to the effect that the party taking an appeal must see to it that the evidence, if any, is in the record, or show that no evidence was offered or received; and it is contended that, where the appellant has failed in this regard, it will be presumed that evidence was offered to support the ruling of the court below. Appellees rely upon the decisions of this court in Pulaski-Lonoke Drainage Dist. v. Missouri Pac. R. Co. (C.C.A.8) 44 F.(2d) 899, and American Nat. Red Cross v. Raven Honey Dew Mills (C.C.A.8) 74 F.(2d) 160. The teaching of these cases is not applicable, however, when the controverted question is that of the jurisdiction of the federal court.

It is true, of course, that a right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy, and the joinder, though fair on its face, may be shown by a verified petition for removal to be only a sham to prevent removal. Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152, 34 S.Ct. 278, 58 L.Ed. 544. Furthermore, if the plaintiff does not take issue with the statements of the removing petition, it will be assumed that he assents to the truth of its allegations, and the petitioning defendant is not required to offer proof to sustain it; it being enough if the removing petition is sufficient in point of law. Wilson v. Republic Iron Co., 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144. But where, as in this case, the plaintiff, by motion to remand, takes issue with the statements of the removing petition, the petitioning defendant must take and carry the burden of proof. Carson v. Dunham, 121 U.S. 421, 425, 7 S.Ct. 1030, 30 L.Ed. 992. This is but a specific application of the general principle that, where a jurisdictional allegation is challenged in the lower court in appropriate manner, the party invoking the power of the court must carry throughout the litigation the burden of showing that he is properly in court, KVOS v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. ——, so that, if the record discloses neither evidence nor finding of fact to support the jurisdictional allegation, the case must be dismissed for want of jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 190, 56 S.Ct. 780, 785, 80 L.Ed. 1135.

The court below made no finding of fact upon the issue of fraudulent joinder and the record contains no evidence concerning it. As the appellant in his motion to remand denied the jurisdictional allegations in the petition for removal, it follows that the sole inquiry here is as to the sufficiency of the original complaint in point of law. To fulfill that requirement it is sufficient that the complaint evidence a real intention to get a joint judgment and that colorable ground for it was shown as the record stood when the cause was removed from the state court. Chicago, R. I. & Pac. Ry. v. Schwyhart, 227 U.S. 184, 194, 33 S.Ct. 250, 57 L.Ed. 473; Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 216, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147.

In support of their contention that the complaint wholly failed to allege any cause of action against the resident defend-

ant Creth, the appellees urge that the matters charged against Creth consisted of nothing more than nonfeasance for which he was not liable to the appellant. Nonfeasance, it is said, is a breach of duty only to the master and to him only is the servant liable.

The liability of all the defendants to the plaintiff under the allegations of the complaint is to be determined by the law of the state of Arkansas. Chicago, R. I. & Pac. Ry. Co. v. Schwyhart, supra, 227 U. S. 184, at page 193, 33 S.Ct. 250, 57 L.Ed. 473; Chicago, Rock Island R. Co. v. Whiteaker, 239 U.S. 421, 424, 36 S.Ct. 152, 60 L.Ed. 360. The briefs of neither party disclose any Arkansas decisions directly determining the question of the liability of a servant to a third party for acts of nonfeasance. The following pronouncements bearing upon that question appear, however, in Stiewel v. Borman, 63 Ark. 30, 37 S.W. 404, 405, 406:

"An agent of the owner of real estate, who has the complete control and management of the property, and has undertaken to keep it in repair, is liable to third persons for injuries to the latter while using the premises in an ordinary and appropriate manner, which were caused by the failure of the agent to make necessary repairs. * * *

"So an agent having the whole charge of the erection of a building, and exercising full control over it, is liable for an injury to a third person, resulting from the failure to use the reasonable precautions which were probably necessary for his protection against the same. * * *

"The same rule applies to agents having full and complete control and management of any business, enterprise, or undertaking, and the power and authority to do whatever, in the exercise of ordinary prudence, he finds reasonably necessary to prevent injuries to others. As to whether the failure to use such precaution be misfeasance, there is a conflict of opinion. But the question is of no practical importance. The liability of the agent rests upon his failure to discharge a duty as in misfeasance. Having complete control and management of the business, with the power and authority to do what is reasonably necessary to protect third persons against injuries resulting from omissions or commissions in the conduct of the same, he stands in the relation to others which his principal occupies. He is under obligation to so use that which he

controls as not to injure another. For a failure to discharge this duty he is liable in damages to the party injured. This is a reasonable rule. As said in Mayer v. Building Co. [104 Ala. 611, 16 So. 620, 28 L.R.A. 433, 53 Am.St.Rep. 88], supra, there is no 'sound reason why a person who, acting as principal, would be individually liable to third persons for an omission of duty, becomes exempt from liability for the same omissions of duty because he was acting as servant or agent.' "

The foregoing pronouncement indicates an attitude on the part of the Arkansas court to the effect that a distinction between nonfeasance and misfeasance is not the test determining the liability of a servant to a third party, but the ultimate inquiry, as in all negligence cases, is one of breach of duty. In the view we take of the case it is enough that the above pronouncement renders the question one of doubt.

It is true, as the appellees point out in their brief, that there is a number of cases from other jurisdictions holding that a master is not liable to a third party for acts of nonfeasance occurring during the course of employment. The annotator in compiling the cases on the subject in 20 A.L.R. 165, however, makes this introductory remark: "The numerical weight of authority as well as of reason ignores the fact that the delict of the agent was a mere nonfeasance toward his master and tests the question by the duty which the servant owes to the injured party."

A discussion of the fine distinctions between nonfeasance and misfeasance seems unnecessary to the decision of this case. Admittedly the original complaint alleged an injury resulting from the negligence of Creth. The liability of Creth may be doubtful owing to the absence of a more definite pronouncement by the Arkansas Supreme Court, but doubtful issues of law and fact are to be tried in the court having original jurisdiction of the case and are not to be determined in a removal proceeding. Morris v. E. I. Du Pont De Nemours & Co. (C.C.A.8) 68 F.(2d) 788, 793.

The assertions in the removal petition denying the alleged negligence of Creth and alleging the contributory negligence of the appellant have no bearing on the questions of fraudulent joinder and separable controversy. As the liability of the nonresident defendants was predicated upon the alleged negligence of Creth, the showing went to the merits of the action as an en-

tirety and not to the joinder. A mere traverse of the cause of action as to all the defendants does not present a separable controversy. Chicago, Rock .Island R. Co. v. Whiteaker, 239 U.S. 421, 425, 36 S.Ct. 152, 60 L.Ed. 360; Chesapeake & Ohio R. Co. v. Cockrell, 232 U.S. 146, 152, 34 S.Ct. 278, 58 L.Ed. 544; Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 212, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Huffman v. Baldwin (C.C.A.8) 82 F.(2d) 5, 8.

The judgment is reversed, with directions to remand the case to the state court from which it was removed.