## FITZGERALD v. PERKINS OIL CO. OF DELAWARE et al.

### No. 10826.

Circuit Court of Appeals, Eighth Circuit.

March 31, 1937.

John D. Martin, Jr., of Memphis, Tenn. (Rexford V. Wheeler, of Marion, Ark., on the brief), for appellant.

Benj. Goodman, Jr., of Memphis, Tenn. (A. G. Riley and Armstrong, McCadden, Allen, Braden & Goodman, all of Memphis, Tenn., on the brief), for appellees.

Before SANBORN and THOMAS, Circuit Judges, and MUNGER, District Judge.

PER CURIAM.

This is an appeal from a judgment dismissing, for failure to prosecute, an action brought by James Fitzgerald against the Perkins Oil Company and C. H. Caldwell in the circuit court of the Second circuit of Arkansas and removed by the corporate defendant to the federal court on the grounds of diversity of citizenship, a separable controversy, and fraudulent joinder. The plaintiff denied that there was a separable controversy or a fraudulent joinder, and moved to remand. Upon a hearing, the motion to remand was denied, and, the plaintiff having elected to stand upon his motion to remand, the cause was dismissed.

The only question is whether the trial court erred in failing to sustain the motion to remand.

The substance of the plaintiff's declaration is that he, a resident of Tennessee, while employed by the defendant Oil Company, a Delaware Corporation, in its plant at West Memphis, Ark., was severely injured when his hands were caught and drawn into a cotton-seed cleaner, a machine which he was trying to clear of cotton seed and other material which had clogged it; that such injuries necessitated the amputation of both the plaintiff's arms at or near the elbow; that the defendant Caldwell, who was superintendent of the Oil Company's plant with the duty of hiring and discharging employees, directing their work and warning them of dangers incident thereto, hired the plaintiff a few days before his injury as an oiler; that plaintiff was only 21 years old and inexperienced in the handling of machinery of the kind used in the Oil Company's mill; that he was directed by Caldwell to fix any machinery which he saw broken down or clogged; that the defendants knew, or should have known in the exercise of reasonable care, that the cotton-seed cleaner occasionally became clogged and was dangerous and unprotected; that plaintiff was not warned of such danger nor told the proper way to free the machine; that plaintiff's injury was the direct and proximate

result of the joint and concurrent negligence of the defendants in failing to furnish the plaintiff a reasonably safe place to work, in carelessly and negligently ordering and directing plaintiff to fix any machinery which he saw broken down or clogged, and in failing to warn and protect the plaintiff. The plaintiff prayed for a joint judgment.

In its petition for removal, the non-resident defendant (the Oil Company) alleged that no cause of action against Caldwell, the resident defendant, was stated because no facts or acts of misfeasance, malfeasance, or nonfeasance on his part were alleged which would render him liable in damages to the plaintiff; that the duties to furnish and provide the plaintiff with a safe place to work and to protect and instruct the plaintiff, were duties for the breach of which the Oil Company alone would be liable. The Oil Company admitted Caldwell's right and duty to hire and discharge employees; admitted the installation of the machine which caused the injury and that it occasionally became clogged with cotton seed; and admitted the plaintiff's injury. It denied that the machine was open, unprotected, and dangerous; that plaintiff was inexperienced; that he was under Caldwell's direction, control, or supervision; that he was directed to "fix" any clogged or broken machinery; and that his injury was proximately caused by the concurrent negligence of itself and Caldwell. It is also alleged in the removal petition that the plaintiff, at the time of his injury, had no duties whatever in connection with the machines in the cotton-seed oil mill; that he was instructed by the superintendent of the "linter and cleaner" room not to meddle with the machinery in that room; that he was familiar with cotton oil mills and the nature of the machinery used; and that Caldwell was in no sense responsible for the voluntary act of the plaintiff which caused his injury.

In his motion to remand, the appellant took issue with and denied each and every allegation and averment of the petition for removal except that of the residence of the parties.

At the hearing on the motion to remand, both parties introduced evidence in support of their respective contentions. There is no conflict in such evidence with respect to plaintiff's employment and his subsequent injury, with respect to Caldwell's status as superintendent of the plant, his authority to employ and instruct plaintiff, or with respect to the description and location of the machinery. There is direct conflict, however, in respect to the instructions and orders given plaintiff by Caldwell at the time of his employment. Caldwell testified that he instructed plaintiff "to take care of the motors, to oil them, and if anything went wrong with them to report it to one of the superintendents, or to Caldwell, and not to bother with anything that plaintiff didn't know anything about; * * * not to fix machinery if he saw it break down, but to always report it to one of the superintendents." Appellant testified that "Caldwell told him in the lint room the day the plaintiff started his regular duties that as plaintiff went through the mill, if he found anything wrong to fix it if he thought he could, and if he did not think he could fix it to call the millwright or the machinist."

The contentions of the parties on this appeal are clearly controlled by recent decisions of this court. Wells v. Missouri Pacific Railroad Co. et al., 87 F.(2d) 579, decided January 26, 1937; Huffman v. Baldwin et al., 82 F.(2d) 5; Morris v. E. I. Du Pont De Nemours & Co. et al., 68 F.(2d) 788. No useful purpose would be served by repeating here what was said in those cases. Under the applicable rules therein referred to, this case presents a joint cause of action against the defendants involving doubtful issues which are to be determined by the court having jurisdiction to try the case, and are not to be decided upon a motion to remand.

The judgment is, therefore, reversed, with instructions to remand the case to the state court from which it was removed.