**ALBI v. STREET & SMITH PUBLICA-
TIONS, Inc., et al.**

No. 10477.

Circuit Court of Appeals, Ninth Circuit.

Jan. 25, 1944.

Cannon, McKevitt & Fraser, of Spokane, Wash., and Stephen F. Chadwick, of Seattle, Wash., for appellant.

Clarence C. Dill, of Spokane, Wash., for appellee Street & Smith Publications.

Thos. A. E. Lally, of Spokane, Wash., for appellees American News Co. and C. C. Hawksley.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant, a citizen of Washington, sued appellees in the superior court of that state to recover damages for the joint publication of a libelous article appearing in a nationally known magazine. Appellees Street & Smith Publications and the American News Company are nonresident corporations, the one being organized under the laws of New York, the other under the laws of Delaware. Appellee Hawksley is a citizen of Washington. Service was made on Hawksley individually and as the alleged local agent of his co-defendants.

■ Street & Smith Publications entered a special appearance, while Hawksley and the American News Company appeared generally. On petitions of the corporate defendants the cause was removed to the federal court on grounds of diversity. In the petitions for removal it was claimed that no cause of action was stated against Hawksley and that he had been fraudulently joined. It was not claimed that the complaint stated a separable controversy as to the nonresident defendants. Appellant's motion to remand was denied. As part of the same order the court enjoined further prosecution of the cause in the state court and also granted a motion of Street & Smith Publications to quash the service as against it. The appeal is from the whole of this order.[1]

The magazine Pic, containing the article, was published by Street & Smith Publications and distributed in Spokane by the American News Company, of which concern Hawksley was the Spokane representative. The question for decision is whether the complaint sufficiently discloses a cause of action against Hawksley. If so, the cause was improperly removed.

A brief outline of the facts, as they are made to appear in the complaint, will be helpful to an understanding of the controversy. For many years appellant has been president and the leading figure in the activities of the Athletic Round Table, a prankish but public-spirited social club of Spokane. The libel was an aftermath of a burlesque campaign initiated by the club and widely publicized as "Bundles for Congress," the movement being intended by its sponsors to satirize in humorous fashion an act of Congress providing a retirement plan for its members. In the issue of Pic for December 22, 1942, there appeared an anonymous article entitled "They Plotted 'Bundles for Congress.'" Beside the caption was a somewhat startling photograph of appellant, below which was the legend "Joseph Albi, UnAmerican Citizen." In the conception of the plot the article linked appellant with Ashley Holden, a newspaperman described as "a pal of the Japanese." Albi himself was characterized as having been the personal representative of the dictator Mussolini until, on order of the President, all Italian consulates were closed. The article conveys the thought that "Bundles for Congress" was a subtly subversive movement inspired by men friendly to the nation's enemies.

It is not contended that the complaint insufficiently exhibits the libelous nature of the article. The Washington statute, § 2424, Remington's Revised Statutes, so far as pertinent, defines libel as "Every malicious publication by writing, printing,

---

[1] Insofar as the order enjoins further prosecution of the cause in the state court, it is appealable under § 129 of the Judicial Code, 28 U.S.C.A. § 227. See Borden Co. v. Zumwalt, 9 Cir., 120 F.2d 69, and authorities there cited.

picture, * * *, which shall tend:—(1) To expose any living person to hatred, contempt, ridicule or obloquy, or to deprive him of the benefit of public confidence or social intercourse; * * *." As to what constitutes publication, § 2426 of the Statutes provides: "Any method by which matter charged as libelous may be communicated to another shall be deemed a publication thereof." These statutes are but a codification of the general law on the subject.[2]

In respect of Hawksley's participation in the publication the complaint is scanty, but this much the pleading distinctly alleges: That the defendant Street & Smith Publications is engaged in the business of publishing various magazines, including the magazine Pic; that the defendant American News Company is engaged in the sale and distribution of Pic and other magazines, both on a national scale and locally in the county of Spokane, Washington, where it maintains warehouses and automobiles for delivering the magazines; that at all pertinent times the defendant Hawksley was the agent for and "conducted the business of" the American News Company in Spokane and the Inland Empire; and that the American News Company caused the issue of Pic containing the libelous article, together with 1,000 extra copies thereof, to be distributed to the news-stands in the city of Spokane. Further, that it caused placards to be posted throughout the city calling special attention to the article.

It would appear to be an unavoidable conclusion to be drawn from the pleading that Hawksley, in the conduct of his principal's business, caused the libelous article to be extensively distributed to news dealers in the city named. The question whether the pleading is sufficiently definite on the point is one of local law, Chicago, R. I. & Pac. Ry. v. Schwyhart, 227 U.S. 184, 193, 33 S.Ct. 250, 57 L.Ed. 473. A Washington statute, § 285, Remington's Revised Statutes, provides that "in the construction of a pleading, for the purpose of determining its effect, its allegation[s] shall be liberally construed, with a view to substantial justice between the parties."

In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in the state court.[3] A merely defective statement of the plaintiff's action does not warrant removal;[4] and it is universally thought that the motive for joining such a defendant is immaterial.[5] It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal.[6]

In considering the claim of fraudulent

---

[2] Section 2424 was amended in 1935 to include in the definition of libel any defamatory publication by means of radio or phonograph records, Laws of 1935, c. 117, p. 329, § 1.

[3] Fitzgerald v. Perkins Oil Co. of Delaware, 8 Cir., 89 F.2d 98; Wells v. Missouri Pac. R. Co., 8 Cir., 87 F.2d 579; Locke v. St. Louis-San Francisco Ry. Co., 8 Cir., 87 F.2d 418; Leonard v. St. Joseph Lead Co., 8 Cir., 75 F.2d 390.

[4] Chicago, R. I. & Pac. Ry. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L. Ed. 473. An able discussion of the point is found in the opinion of Judge Dietrich in Richardson v. Southern Idaho Water Power Co., D.C., 209 F. 949, at page 952, to the following effect: "It is well settled that for the purposes of removal the nature of the cause of action or controversy is what the plaintiff has in his pleadings reasonably and in good faith declared it to be. The plaintiff's right to retain the action in the state court should not be defeated by a mere failure, through inadvertence or want of skill, perfectly to state the facts constituting the cause of action, or where there is some doubt whether or not the facts disclosed should, under the rule prevailing in the state court, be held to constitute a cause of action against the resident defendant. In the one case the defect may be remedied by amendment, and in the other the plaintiff has the right to have the question passed upon by the state court. In general it is thought that the sufficiency or insufficiency of the facts stated in the complaint against the resident defendant bears upon the plaintiff's intent in making him a party, and is of evidentiary value only."

[5] See Moore's Federal Practice (1938), Vol. 3, p. 3494, and cases cited.

[6] Hukill v. Maysville & B. S. R. Co., C.C., 72 F. 745, 750.

joinder in this instance it is of significance that nowhere in the removal petitions or in the affidavits supporting them is it specifically said that Hawksley did not distribute the particular issue of Pic or the placards accompanying it. Hawksley's affidavit admits his employment by the American News Company. All he says on this subject, aside from hazy general denials, is that he did not represent appellee Street & Smith Publications and that he had no knowledge of or responsibility for the libelous article. He says that the copies of the magazine containing it were purchased by the dealers "in tied bundles from said American News Company." Too, the affidavit of the president of the latter Company states that the local activities of Hawksley were carried on for its account, and that that Company maintains in Washington stocks of the magazine published by its codefendant Street & Smith.

On the point of the communication of the libel, we conclude that the complaint sufficiently discloses a cause of action against Hawksley under the principles prevailing in removal cases. It can hardly be doubted that the extensive and elaborately advertised distribution of the libelous article to the news-stand of Spokane constituted a communication thereof—certainly a communication to the persons operating the stands. And it is elementary that one can not defend against the charge of circulating defamatory matter on the ground that he acted merely as agent for another.

However, the briefs appear to assume that the pleading must allege a publication with knowledge of the libel; and much of appellees' argument is devoted to an analysis of allegations seemingly intended to charge previous knowledge by Hawksley. Paragraph X of the complaint charges that in November 1942 Hawksley advised members of the Athletic Round Table that Pic, in its issue of December 22, 1942, "would publish an anonymous article," and that the members were informed generally what the contents of the article would be; and that it was certain to enjoy a large circulation in Spokane because of appellant's wide acquaintance there. Also, it is averred that the members protested to Hawksley against "the publication of such an article," stating to him that if it were as outlined it would constitute a libel of appellant. It is argued that the article mentioned by Hawksley was in no way connected up with the one actually published.

While these allegations tend to negative due care,[7] we assume that the complaint does not substantially allege Hawksley's prior familiarity with the libelous article actually published. But we think ignorance is a matter of defense. It is a general principle of the law of libel that whatever a man publishes, he publishes at his peril. Says one author, "Where a libel is published in a newspaper, or book, everyone who takes a part in publishing it, or in procuring its publication, is prima facie liable."[8] Another text says: "Every person who sells or gives away a written or printed copy of a libel may be made a defendant, unless, indeed, he can satisfy the jury that he was ignorant of the contents. The onus of proving this lies on the defendant * * *."[9] It is commonly presumed that the vendor of a newspaper or periodical containing a libel knew its contents.[10]

No Washington cases announcing a different rule have been cited, and we have not found any. A statute of that state [11] is said by appellees to make

---

[7] Compare McDermott v. Eason & Sons (1914), 48 Ir.L.T. 1.

[8] Gatley, Law and Practice of Libel and Slander in a Civil Action, p. 92.

[9] Newell, Slander and Libel, 4th Ed., p. 237. The rule is similarly stated in Odger, Slander and Libel, p. 160. And consult Street v. Johnson, 80 Wis. 455, 50 N.W. 395, 14 L.R.A. 203, 27 Am.St.Rep. 42, and cases there cited; Bowerman v. Detroit Free Press, 287 Mich. 443, 283 N.W. 642.

[10] 33 American Jurisprudence, Libel and Slander, § 254. In Emmens v. Pottle, L.R. 16 Q.B.Div. 354, Lord Esher said: "I agree that the defendants are

prima facie liable. They have handed to other people a newspaper in which there is a libel on the plaintiff. I am inclined to think that this called upon the defendants to show some circumstances which absolved them from liability, not by way of privilege, but facts which show that they did not publish the libel."

[11] "Liabilities of editors and others. Every editor or proprietor of a book, newspaper or serial, and every manager of a copartnership or corporation by which any book, newspaper or serial is issued, is chargeable with the publication of any matter contained in any such book,

the publisher of a libel responsible only if he is shown to have had knowledge thereof. We do not so read the statute. The proviso, in harmony with the general law on the subject, puts on the defendant the onus of proving that the matter complained of was published without his knowledge or fault. A complainant in a libel suit, as in other suits, is not obliged to anticipate defenses or to allege facts which he is not required to prove. Street v. Johnson, 80 Wis. 455, 50 N.W. 395, 14 L.R.A. 203, 27 Am.St.Rep. 42.

 Since appellees were jointly liable for the dissemination of the libel,[12] no severable cause of action was stated entitling the corporate appellees to a removal. Atchison T. & S. F. Ry. Co. v. Francom, 9 Cir., 118 F.2d 712. Whether the removal proceedings were timely taken we need not and do not decide.

 The court below was without jurisdiction to rule on the motion to quash service, and we do not consider the claimed error in that respect. In all other respects the order is reversed and the cause remanded with directions to dissolve the injunction and to remand the case.

GARRECHT, Circuit Judge (dissenting).

Although the petition for removal and the affidavits resisting the motion to remand allege and state facts to support the contention that defendant Hawksley was fraudulently joined in the suit to prevent removal from the state court, these allegations are not denied.

Hawksley in his affidavit stated that the plaintiff both before and after the institution of the suit had stated to him that his right of action was against the publisher of "Pic" magazine; that he could not recover from Hawksley, and plaintiff wanted him to understand that he did not want any recovery from him. These specific allegations also are not denied.

Reliance or reversal here is rested on inferences based on vague and uncertain allegations of the complaint which, it is claimed, connect Hawksley with the publication of the libel. The complaint at different places merely states that Hawksley was a resident agent of the other defendants. No specific act of Hawksley's connecting him with the publication of the libel is noted other than a paragraph which sets forth that Hawksley had advised certain members of the Athletic Round Table that "Pic" in its issue of December, 1942, would publish an anonymous article; that said members were informed generally of what the contents of said article would be; and that it was certain to enjoy a large circulation in Spokane and vicinity because of the wide acquaintanceship of plaintiff in his official capacity as president of the Athletic Round Table. The paragraph does not set forth what the contents of said article would be, nor does it say that it was the same or similar to the one of which plaintiff complains.

On this set of facts the matter was submitted to the District Court which held that no cause of action against Hawksley was stated and that upon the showing presented the removal was sustained.

The further issue of service on the defendant Street & Smith Publications, Inc., was presented at the same time and the District Court held on the undisputed showing made that there was no service on said defendant, and the alleged service was quashed and the case as to this defendant, Street & Smith Publications, Inc., was dismissed without prejudice.

Under the circumstances and in this state of the record I think the action of the District Court should be sustained.

---

newspaper or serial, and every owner, operator, proprietor or person exercising control over any broadcasting station or reproducting [reproducing] record of human voice or who broadcasts over the radio or reproduces the human voice or aids or abets either directly or indirectly in such broadcast or reproduction shall be chargeable with the publication of any matter so disseminated: Provided, That in any prosecution or action for libel it shall be an absolute defense if the defendant shows that the matter complained of was published without his knowledge or fault and against his wishes by another who had no authority from him to make such publication and was promptly retracted by the defendant with an equal degree of publicity upon written request of the complainant." Remington's Revised Statutes of Washington, § 2427, as amended, L. '35, p. 329, § 2.

[12] Gatley, Law and Practice of Libel and Slander in a Civil Action, pp. 97, 98.