**FIELDS, INC., an Oklahoma Corporation, Plaintiff,**

v.

**HUNT–WESSON FOODS, INC., a Foreign Corporation, and Bill Boudreau, Defendants.**

**No. CIV–75–0546–E.**

United States District Court,
W. D. Oklahoma.

Aug. 13, 1975.

Richard B. McClain, Hart, Rennie, McClain & Hart, Pauls Valley, Okl., for plaintiff.

Edgar Fenton, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., for defendants.

ORDER

EUBANKS, District Judge.

On June 6, 1975, plaintiff, an Oklahoma corporation, filed this breach of contract action in the District Court of Garvin County, State of Oklahoma. Defendants petitioned for removal to this Court alleging that defendant Bill Boudreau, a citizen of the State of Oklahoma, was fraudulently joined to prevent removal and should be dismissed, for the reason that no claim may be stated against him inasmuch as he was not a party to the contract which is the subject of this action and was at all material times acting as an employee of the defendant, Hunt-Wesson Foods, Inc. Since Hunt-Wesson is a Delaware corporation, defendants contend the action is properly removable. Plaintiff has moved to remand, arguing that the corporation and its agent were sued jointly and severally for damages resulting from their acts of negligence, and relying upon authorities having reference to joint tort-feasor situations. Defendants counter that the allegations of plaintiff's state court petition sound in contract.

The question before this Court is whether defendant Bill Boudreau is a party in interest properly joined, or whether it can be summarily determined that no recovery can be had against him

on the claim alleged under Oklahoma law.

■■ The law of this state (the law this Court would apply in this action) has consistently been that "where a breach of contract is permeated with tort" plaintiff may bring an action "ex delicto." *Hobbs v. Smith,* 27 Okl. 830, 115 P. 347 (1911). See also *McConnell v. Oklahoma Gas and Electric Company,* 530 P.2d 127 (Okl.1974); *Hall Jones Oil Corporation v. Claro,* 459 P.2d 858 (Okl. 1969); *Jackson v. Central Torpedo Co.,* 117 Okl. 245, 246 P. 426 (1926).

A normal reading of the complaint does not indicate that such a claim is alleged. It is not claimed that the individual defendant committed any act of a personal nature except in connection with the corporation's affairs. Indeed, no fact is alleged regarding any act of negligence on the part of the individual defendant, nor does plaintiff in the brief in support of remand set forth any such fact or facts. No claim is made, for example, that the individual defendant acted outside the scope of his employment by such conduct as converting rejected goods or refund payment to his own use.

■ What is alleged is a breach of contract by a master through one or more servants, representatives or agents. Assuming, as the Court must on the basis of the data before it, that the individual defendant herein was acting within the scope of his authority and was not a party to the contract, he would not be liable "ex contractu" for any breach by his employer. See, e. g., *Loftis v. LaSalle,* 434 P.2d 221 (Okl.1967).

■ Accordingly, the Court concludes that the citizenship of Bill Boudreau may be disregarded for the purpose of determining whether the requirements of the removal statute, 28 U.S.C. § 1441, are met. The plaintiff and the defendant Hunt-Wesson Foods are citizens of Oklahoma and Delaware, respectively, and the sum in controversy is alleged to exceed $10,000, and thus this is an action which could originally have been brought in this Court. The defendant Hunt-Wesson Foods is not a citizen of the state in which the action has been brought. The requirements of § 1441 are met.

The motion to remand is denied. The Court is well aware that it would be improper, and wasteful and unfair, to permit this litigation to proceed if discovery should lead to discernment of such facts as would support the statement of a claim against the individual defendant sufficient to survive a motion to dismiss. In such an instance, renewal of this motion would be authorized. 28 U. S.C. § 1447(c).

In the absence of such renewal, defendants' motion to dismiss the individual defendant from this action will be considered at the pretrial conference.

Accordingly, it is ordered, That plaintiff's motion to remand this matter to the state court for determination be and the same hereby is denied.