Cecil C. **WILCOX** and **Floy Wilcox, Plaintiffs,**

v.

**KANSAS CITY SOUTHERN RAILWAY COMPANY, INC., a corporation and Gary Hess, Defendants.**

**No. 81–2023.**

United States District Court,
W. D. Arkansas,
Fort Smith Division.

Nov. 19, 1981.

J. David Maddox, Mena, Ark., for plaintiffs.

Robert T. Dawson, Hardin, Jesson & Dawson, Fort Smith, Ark., for defendants.

## MEMORANDUM OPINION

WATERS, Chief Judge.

On February 13, 1981, suit was filed by the plaintiffs against Kansas City Southern Railway Company, Inc. and Gary Hess, alleging that the plaintiffs were the owners of certain property located near Mena in Polk County, Arkansas, including a motel and gift shop. It is alleged that the plaintiffs are residents of Polk County; that the defendant, Gary Hess, was a resident of Polk County and was the station manager or agent in charge of defendant railroad's right-of-way in Polk County, Arkansas; and that defendant railroad is an incorporated common carrier doing business in the State of Arkansas. The petition for removal reveals there is no diversity between the plaintiffs and the defendant, Gary Hess.

The complaint alleges that on September 12, 1980, the defendant railroad:

"(I)ts agents, servants, and employees, and particularly its manager in the area of Mena, Polk County, Arkansas, the defendant, Gary Hess, contrary to its duty and the duty of its employees, agents, and servants, negligently failed to keep and maintain the right-of-way along the defendant railroad, free and clear from trash, leaves, foilage and trees and other flammable and combustible material, and negligently permitted large quantities of dry grass, leaves, foliage and trees to accumulate over and upon the tracks of the defendant railway company, and its agents, servants and employees failed to use due regard and circumspection in this connection".

It is claimed that on September 12, 1980, the defendant railroad operated a locomotive and other equipment along the railroad line and that such equipment was not equipped with sufficient spark arrestors or preventors, causing the equipment to cause sparks which set the negligently maintained right-of-way on fire, burning the property of the plaintiffs, causing the damages alleged in the amount of $48,500.00.

In addition to the specific allegations against the defendant, Hess, set forth above, the complaint alleges that the fire and damages were caused by the carelessness and negligence on the part of the defendant railroad, its agents, servants and employees, and specifically defendant, Gary Hess.

The defendant railroad, within the statutory period, filed a petition for removal and supporting papers removing the matter to this court, and an answer was filed in behalf of defendant railroad and defendant Hess. In the petition for removal, it is alleged that Gary Hess was fraudulently joined with the defendant railroad to prevent removal of the case, and in support of this contention the defendant attaches to the petition for removal as an exhibit a copy of a complaint previously filed in the Polk County Circuit Court on January 27, 1981, and it is apparent from the complaint filed in that action that the cause of action alleged is substantially the same as the one that is alleged in this case. However, in that case the agent, Gary Hess, was not made a party, and no allegations were made specifically against him, although the complaint does allege that the railroad, acting

through its agents, servants, and employees was negligent, causing the damages. That action was removed to this court on February 10, 1981, and is now pending as civil case no. 81–2019.

As indicated above, the defendants have answered in this case (no. 81–2023), and the plaintiff has not objected to the jurisdiction of this court. However, this court clearly has not only the right, but the obligation and duty to carefully consider the pleadings filed in this matter and to determine whether subject matter jurisdiction exists. If the court determines that it does not have jurisdiction, the court is obligated, on its own motion, to remand the matter to state court. *Fort v. Ralston Purina Co.*, 452 F.Supp. 241 (D.C.Tenn.1978); *Van Horn v. Western Electric Co.*, 424 F.Supp. 920 (D.C. Mich.1977); *Fischer v. Holiday Inn of Rhinelander, Inc.*, 375 F.Supp. 1351 (D.C.Wis. 1973); *Sexton v. Allday*, 221 F.Supp. 169 (D.C.Ark.1963).

Of course, the defendants contend that the joinder of Gary Hess is a fraudulent joinder. The court has carefully considered the complaint and the petition for removal and exhibits, and has determined that this matter must be remanded to state court under the tests laid down in numerous cases which have considered the question of fraudulent joinder. As the Court of Appeals for the Eighth Circuit stated in *Bolstad v. Central Surety & Ins. Corp.*, 168 F.2d 927 (C.A. 8th Cir. 1948), that test is:

"On the question of removal, it is unnecessary to consider more than whether there was a real intention to get a joint judgment, and whether there was a colorable ground for it shown."

In support of its position, the Court of Appeals for the Eighth Circuit cited, among other cases, *Chicago, R.I. & Pac. Ry. Co. v. Schwyhart*, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473, and *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334, cases which so hold.

■ In determining whether a joinder is fraudulent, the law is that the court is to consider whether there is a possibility that the plaintiff has stated a cause of action against the party who is allegedly fraudulently joined, and if it is determined that there is such a possibility, the case is to be remanded. *Fitzgerald v. Perkins Oil Co. of Delaware*, 89 F.2d 98 (8th Cir. 1937); *Wells v. Missouri Pacific Ry. Co.*, 87 F.2d 579 (8th Cir. 1937).

■ The motive for joining a resident defendant is immaterial. *Chicago, R.I. & Pac. Ry. Co.*, supra.; and *Illinois Central Ry. Co. v. Sheegog*, 215 U.S. 308, 30 S.Ct. 101, 54 L.Ed. 208 (1909); *Chicago, R.I. & Pac. Ry. Co. v. Whiteaker*, 239 U.S. 421, 36 S.Ct. 152, 60 L.Ed. 360 (1915); and *McAllister v. C. & O. Ry. Co.*, 243 U.S. 302, 37 S.Ct. 274, 61 L.Ed. 735 (1917). Bad faith in bringing the action is not material. Rather, bad faith in joinder is necessary. *Chesapeake & Ohio Ry. v. Cockrell*, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914).

■ As was already pointed out above, the complaint in this case specifically alleges acts of negligence against Gary Hess. It is specifically alleged that the fire was caused by the negligent maintenance of the right-of-way of the railroad, and that Gary Hess was the station manager and person in charge of maintaining the right-of-way. Based on the allegations of the complaint, the court must say that there is at least a possibility that the plaintiff has stated a cause of action against the defendant, Hess, and, as was pointed out above, when the court makes such a determination, it must then further determine that the joinder is not fraudulent. As there is no diversity between plaintiffs and the defendant Hess, the court decides, *sua sponte*, that this matter must be remanded to the Circuit Court of Polk County, and an order of remand will be entered.