Howard **BARNES**, Plaintiff,

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY and Linda Merten, Defendants.**

**Civ. No. 84–5153.**

United States District Court, W.D. Arkansas, Fayetteville Division.

Nov. 6, 1984.

C. Thomas Pearson, Jr., Pearson, Woodruff & Evans, Fayetteville, Ark., for plaintiff.

Patricia J. Nobles, D.D. Dupre, Timothy D. Brewer and Ronald D. Young, Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

On March 13, 1984, plaintiff filed suit against defendant, Southwestern Bell Telephone Company, in the Circuit Court of Washington County, Arkansas. In that lawsuit, plaintiff attempted to state a cause of action against Southwestern Bell Telephone Company only. Linda Merten, an additional defendant in this suit, was not a party in the first one.

In the initial complaint filed in state court, plaintiff alleges that he was engaged in the business of livestock transportation from his place of business in Fayetteville, Arkansas, to which the defendant telephone company provided telephone service. He claims that when he moved his business to a new address in Fayetteville, he contracted with an employee and agent of the defendant telephone company to have the removal and reinstallation at the new address made at a specified rate. He alleges that after the telephone equipment and service was disconnected from the old address and moved to the new one, the company billed him in an amount over three times the amount agreed to and, when he refused to pay the bill, his telephone service was discontinued without notice to him, at a time when he was out of town on other business, resulting in damages in the total amount of $11,516.36. He also prayed for punitive damages in the amount of $10,-000.00.

The telephone company then removed the case to this court (Civil No. 84–5046), and subsequently filed a motion for partial summary judgment alleging that there was no genuine issue as to any material fact in relation to the claim for the cost of the service, since the amount that is to be charged for such service is controlled by tariffs approved by the Arkansas Public Service Commission and the Federal Communication Commission. Motion for partial summary judgment was filed on September 4, 1984, and on September 7, 1984, the plaintiff moved to dismiss his cause of action, without prejudice, and alleged that it was necessary for him to do so in order to add an additional necessary party. He claimed that the additional party could not be made a party defendant under the provisions of Rule 19 of the Federal Rules of

Civil Procedure for the reason that joinder of such person would deprive the court of jurisdiction over the subject matter of the action. Defendant telephone company objected on the basis that dismissal should not be granted in view of the pendency of the motion for partial summary judgment. Defendant did not request, as an alternative, that any conditions be imposed in the event that the motion to dismiss was granted. The court, by order dated September 14, 1984, granted the motion and the case was dismissed without prejudice.

No appeal was taken from that order, and the time to do so has lapsed.

On September 20, 1984, the plaintiff filed a new lawsuit in the Circuit Court of Washington County, Arkansas. The substantive allegations of the complaint in respect to the claimed discontinuance of service are almost identical to the allegations contained in the initial complaint. However, in addition to Southwestern Bell Telephone Company, the defendant named Linda Merten, a resident of Fayetteville, as an additional defendant, and alleged that Ms. Merten was the agent of the telephone company with which he dealt and through which he made the "contract" to have his service disconnected and reinstalled at the new location at the rate that he and Ms. Merten agreed to. He claims that Ms. Merten is made a party to the lawsuit because the defendant telephone company contends that the contract made by her was without authority and was contrary to the laws of the state of Arkansas. He prays for judgment against the defendants jointly and severally, in amounts identical to the amounts claimed in the earlier lawsuit.

The defendants then removed the matter to this court alleging that Ms. Merten was fraudulently joined in order to defeat federal jurisdiction. Contemporaneously with the filing of the petition for removal, the defendants filed a motion for partial summary judgment which is substantially identical to the one filed in the earlier lawsuit. Plaintiff then moved to remand the matter to state court, the defendants responded, and the court is now prepared to rule.

It is appropriate to first discuss the principles applicable to removal jurisdiction in general, and those which apply where a fraudulent joinder to defeat jurisdiction is alleged. In determining whether a case should be remanded, a great number of cases hold that if federal jurisdiction is doubtful, such doubts should be resolved in favor of state court jurisdiction and the case remanded. *See* numerous cases cited in 14 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3739 n. 23. As is pointed out in that treatise, at p. 762, that rule rests on both the expediency and unfairness of exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined on appeal that the court lacks subject matter jurisdiction. In this respect, the law clearly is that action by a federal court which lacks subject matter jurisdiction is a nullity and that either party, even the party that invoked the jurisdiction of the court, can attack the jurisdiction at any time even after judgment is rendered against him. *Amer. Fire & Cas. Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In short, what this case and other cases say is that if this court does not have subject matter jurisdiction of the cause of action, either party, including the telephone company which earnestly argues now that the court has jurisdiction, may, on appeal, attack any judgment rendered on the grounds that the court did not, in fact, have subject matter jurisdiction.

The right of removal from a state court to a federal court exists only in certain enumerated classes of actions, and in order to exercise the right of removal, it is essential that the case be shown to be one within one of those classes. *Ches. & Ohio Ry. v. Cockrell,* 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914). The burden of showing that removal was proper is always upon the party removing. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). The removal statutes will be strictly construed in favor of state court jurisdiction. *Shamrock Oil*

*& Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

The principle that doubt should be resolved in favor of state court jurisdiction rather than federal jurisdiction enunciated by the cases cited above is also expressed in the cases considering whether a party has been fraudulently joined to defeat federal court jurisdiction. The cases hold that, in determining whether a joinder is fraudulent, the court is to consider whether there is a possibility that the plaintiff has stated a cause of action against the party who is allegedly fraudulently joined, and if it is determined that there is such a possibility, the case is to be remanded. *Fitzgerald v. Perkins Oil Co. of Delaware,* 89 F.2d 98 (8th Cir.1937); *Wells v. Missouri Pacific Ry. Co.,* 87 F.2d 579 (8th Cir.1937). The Court of Appeals for the Eighth Circuit stated in *Bolstad v. Central Surety & Ins. Corp.,* 168 F.2d 927 (8th Cir.1948), that the test is: "On the question of removal, it is unnecessary to consider more than whether there was a real intention to get a joint judgment, and whether there was a colorable ground for it shown." *Citing Chicago, R.I. & Pac. Ry. Co. v. Schwyhart,* 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473, and *Pullman Co. v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334.

▮ The motive for joining a resident defendant is immaterial. *Chicago, R.I. & Pac. Ry. Co., supra;* and *Illinois Central Ry. Co. v. Sheegog,* 215 U.S. 308, 30 S.Ct. 101, 54 L.Ed. 208 (1909); *Chicago, R.I. & Pac. Ry. Co. v. Whiteaker,* 239 U.S. 421, 36 S.Ct. 152, 60 L.Ed. 360 (1915); and *McAllister v. C. & O. Ry. Co.,* 243 U.S. 302, 37 S.Ct. 274, 61 L.Ed. 735 (1917). Bad faith in bringing the action is not material. Rather, bad faith in joinder is necessary. *Chesapeake & Ohio Ry. v. Cockrell,* 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914).

With these principles in mind, the court will discuss the allegations made in respect to Ms. Merten in this case. As indicated above, in the initial lawsuit filed plaintiff alleged that he contracted with the defendant telephone company through an agent and that the agent agreed, in behalf of the telephone company, that the service changes would be made for a specified amount. He claimed that, in spite of this contract or agreement that he had, the defendant telephone company attempted to collect from him amounts considerably in excess of the amounts agreed to. In response to this allegation, the defendant telephone company filed a motion for partial summary judgment, contending that the rates which it attempted to charge were those fixed by law and that no other rates could be charged. Thus, in effect, the company took the position that, irrespective of whether its agent made a contract calling for a specific rate, there was no authority to do so because of the provisions of Arkansas and federal law.

The plaintiff then nonsuited that lawsuit and refiled the one that was removed to this court, alleging that if that was true, Ms. Merten would be individually liable for entering into a contract which was not authorized. In its response to its motion to remand, the defendant telephone company seems to miss the point of plaintiff's allegations and contentions in this respect. At p. 3 of its response to the motion to remand, the telephone company states: "Southwestern Bell has never admitted or contended that Ms. Merten made the contract alleged in plaintiff's complaint," then argues that since this is true, no cause of action is even attempted to be stated against Ms. Merten and, thus, she was fraudulently joined.

Plaintiff does not claim that the telephone company contends or even admits that the contract was made by Ms. Merten in its behalf. Instead, plaintiff claims that that is the case and alleges that Ms. Merten, in behalf of her employer (principal) entered into an agreement with plaintiff calling for the service to be moved to the new location for a specified amount. He alleges that since it is the telephone company's position that the amount that Ms. Merten agreed to was unauthorized, she is personally liable under Arkansas law.

▮ As indicated above, the law, at least in this circuit, appears to clearly be that, in determining whether a joinder is fraudu-

lent, the court is to determine only whether there is a possibility that the plaintiff has stated a cause of action against the party who is allegedly fraudulently joined. If the telephone company's position in respect to the authority of Ms. Merten to enter into the alleged contract is correct, the court certainly cannot say that there is not a substantial possibility that the complaint states a cause of action against her, or that that is not a legitimate issue to be litigated.

The law in respect to the liability of agents for unauthorized contracts entered into by them is well stated in 3 Am.Jur.2d *Agency* § 298, as follows:

It is well settled that one who purports as agent to enter into a contract, upon which the principal is not bound because of the fact that the agent has contracted without authority or in excess of his authority, is personally liable for the damage thus occasioned to the other contracting party.

Citing cases including *Dale v. Donaldson Lumber Co.*, 48 Ark. 188, 2 S.W.2d 703 (1886). *See also* Restatement (Second) of Agency § 329.

In *Little Rock Furniture Mfg. Co. v. Kavanaugh*, 111 Ark. 575, 164 S.W. 289 (1914), the Arkansas Supreme Court long ago stated what appears to still be the law in Arkansas as follows: "Where one assumes to act as agent for another he impliedly represents that his principal has existence, and that he has authority to act for him, and if either of these things be false, the agent becomes personally liable." 111 Ark. 586, 164 S.W. 289.

■ Perhaps the court should make it clear that it is not finding that Ms. Merten is liable as alleged, but only that plaintiff has stated a legitimate cause of action against her, or at least that there is a strong possibility that he has. In view of the law as expressed in cases such as *Fitzgerald, supra,* and *Wells, supra,* that is all that is necessary in order to rule that Ms. Merten was not fraudulently joined, and that this matter should, thus, be remanded to the Circuit Court of Washington County, Arkansas.

Perhaps the court should discuss two of the cases cited in defendants' brief. They cite *Fields, Inc. v. Hunt and Wesson Foods, Inc.*, 397 F.Supp. 707 (W.D.Okla. 1975), and an Arkansas case decided by Judge Henry Wood, *Tallent, et al. v. Dwight Harshaw, et al.*, 592 F.Supp. 66 (E.D.Ark.1984), and contend that these cases are directly on point. In making this contention, it appears that defendants have again missed the point of plaintiff's allegations. In each of those cases, the district court simply held that an agent of a disclosed principal, *acting within the scope of his authority*, who enters into a contract in behalf of his disclosed principal is not liable for a breach of such contract. That is, of course, clearly the law, but that is not what is alleged in this case. In neither of those cases did the defendant take the position that the agent or employee acted without authority or in excess of his authority. It would serve no purpose to reiterate the contentions made by plaintiff in this respect in this case, but it is clear that, for the reasons set forth above, these cases cited by the defendants are not on point and do not support defendants' contention that Ms. Merten was fraudulently joined.

For the reasons set forth above, the court finds that the complaint filed in this case by the plaintiff indicates that he has "a real intention to get a joint judgment" and that there "was a colorable ground for it shown." *Bolstad, supra.* The case will be remanded by separate order to the Circuit Court of Washington County, Arkansas.