**LOCKE v. ST. LOUIS–SAN FRANCISCO RY. CO. et al.**

No. 10699.

Circuit Court of Appeals, Eighth Circuit.

Jan. 26, 1937.

Tom W. Campbell, of Little Rock, Ark., for appellant.

E. L. Westbrooke, of Jonesboro, Ark. (E. L. Westbrooke, Jr., of Jonesboro, Ark., and J. W. Jamison, of St. Louis, Mo., on the brief), for appellees.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment dismissing, for failure to prosecute, a complaint at law brought by Esther Locke, as administratrix of the estate of Walter D. Locke, deceased, against the St. Louis-San Francisco Railway Company, J. M. Kurn, and John G. Lonsdale, trustees, and W. H. Rumsey and Willett Martin in the district court of Sharp county, Ark. The case was removed by the trustees, who are the nonresident defendants, to the District Court of the United States for the Eastern District of Arkansas on the ground of diversity of citizenship, a separable controversy, and the fraudulent joinder of their codefendants, Rumsey and Martin. The appellant denied that there was a separable controversy or a fraudulent joinder and moved to remand. Upon a hearing the motion to remand was denied, and the appellant having elected to stand upon her motion to remand, an order was entered dismissing the cause for lack of prosecution.

The overruling of the motion to remand and the dismissal of the complaint are assigned as error.

The complaint alleges that appellant is the administratrix of the estate of Walter D. Locke, deceased, who was killed on October 7, 1935, by a southbound freight train owned and operated by the nonresident defendants, the trustees of the St. Louis-San Francisco Railway Company, at a crossing in the town of Hardy, Ark.; that the resident defendants, Rumsey and Martin, employees of a wholesale grocer, had on the morning of the accident pushed a box car, which had previously been placed on the loading track by employees of the railroad, to the very edge of the street that crossed the main line and other tracks of the railroad, where it was left until after the accident and for an unreasonable length of time; that the obstruction of the car and adjacent buildings made it impossible for deceased as he approached the crossing to see the on-coming freight train until he was practically on the track; that the employees of the nonresident defendants in charge of the freight train, running approximately fifteen minutes late, with knowledge of the dangerous situation thus existing at the crossing, negligently ran said train over said crossing at an unreasonable, excessive, and dangerous rate of speed without giving adequate warning of its approach, and thereby struck and killed deceased who was then in the act of crossing the tracks at that point with his truck. It is charged that the resident defendants, Rumsey and Martin, were negligent in that they pushed the car near the street where it obstructed the view of an approaching train and left it there for an unreasonable time after they had removed the merchandise from it, thus making it impossible for deceased to see the approaching train until he was practically on the track; that the employees of the railroad were also negligent in operating the train as they did with full knowledge of the situation and without warning; and that the negligence of the resident and nonresident defendants concurring was the proximate cause of the injury complained of and for which damages were demanded.

In the petition for removal the nonresident trustees denied that Rumsey and Martin were negligent; and alleged that in moving the box car near the street they were acting in the interest of their employer, the wholesale grocery company, and that their act in no way contributed to the injury complained of; that plaintiff's decedent was guilty of contributory negligence; and that the plaintiff's cause of action was against the nonresident defendants alone for failure to give adequate warning of the approach of the train which killed Locke; that the resident defendants, Rumsey and Martin, were insolvent and were joined for the sole purpose of depriving the federal court of jurisdiction and the petitioners of the right to remove the case to the United States District Court.

The contention of the nonresident appellees in this court is that the order of the District Court overruling the motion to remand should be affirmed for two reasons, (1) that the joinder of the resident defendants, Rumsey and Martin, is fraudulent as a matter of law for the reason that no cause of action is stated against them in the complaint; and (2) that the joinder of the resident defendants is fraudulent as a matter of fact under the evi-

dence. Unless these contentions are meritorious, the judgment should be reversed.

The first of these contentions involves the question of whether the unnecessary leaving of the box car by the defendants, Rumsey and Martin, for an unreasonable length of time where it obstructed the view of approaching trains in and of itself constitutes actionable negligence. Stated another way, the question is, Is the alleged act such that on a motion to remand the federal court may say as a matter of law that it does not constitute negligence, and that for that reason the joinder of these defendants is fraudulent? The rule is well settled that if the issue, be it one of law or of fact, is doubtful it must be tried in the court having jurisdiction and not determined in removal proceedings. Huffman v. Baldwin (C.C.A.8) 82 F.(2d) 5, 7; Morris v. E. I. Du Pont De Nemours & Co. et al. (C.C.A.8) 68 F.(2d) 788, 791. In such proceedings, the federal court will not consider even whether a flaw could be found in the complaint on a special demurrer. Chicago, R. I. & P. Ry. Co. v. Schwyhart, 227 U.S. 184, 194, 33 S. Ct. 250, 57 L.Ed. 473.

On the other hand, if there is no basis whatever for the assertion of liability against the resident defendants, a conclusion that they were joined fraudulently is justified. Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 185, 27 S.Ct. 184, 51 L.Ed. 430, 9 Ann. Cas. 757.

Almost the identical issue involved herein with respect to the liability of the resident defendants has been presented to other courts and they have decided it differently. The Supreme Court of Iowa has said that the placing of freight cars upon a side track so as to obstruct the view of a crossing is not an independent ground of negligence. Bruggeman v. Illinois Cent. R. Co., 154 Iowa, 596, 134 N. W. 1079, 1080. But the more general rule prevailing is that it is a question for the jury to determine whether leaving such car at a point where it obstructs the view is necessary in the reasonable conduct of defendant's business. If it is found to be necessary, it is not negligence as a matter of law; and, if not necessary under all the circumstances, it is negligence. Missouri, K. & T. R. Co. v. Perino, 89 Okl. 136, 214 P. 907; Receivers of Houston & T. C. Ry. Co. v. Stewart (Tex.Sup.) 17 S.W. 33; Dillingham v. Parker, 80 Tex. 572, 16 S.W. 335; Corley v. Atchison, T. & S. F. Ry. Co., 90 Kan. 70, 133 P. 555, 556, Ann.Cas.1915B, 764. Counsel for appellees cite cases holding that owners of real estate have the right to use their property for every lawful purpose, whether such use is necessary or not. This principle is not applicable here, however. The resident defendants were not owners of the railroad right of way, and the character of their conduct is to be decided by other principles.

At the time this case was submitted, no decision of the Supreme Court of Arkansas upon this point was called to our attention. So far as we know, that court had never considered the question. Since the case was submitted here, however, that court on December 21, 1936, decided the case of Zaloudek v. Missouri Pacific Railroad Company, 99 S.W.(2d) 567. That was a suit against the railroad company for damages resulting from the negligent operation of a train over a crossing at an excessive speed when many cars were parked on a side track "so as to prevent the employees of appellee [defendant railroad company] on the approaching train from observing * * * persons coming from the west, * * * and which prevented persons coming from the west from seeing the approaching train." The trial court in its instructions limited liability to the alleged negligent speed of the train alone. The Supreme Court reversed the case, saying among other things:

"True, the parking of the cars on the side track or passing track near a public crossing was not, in itself, a negligent act which might be made the basis for an independent action for damages, but that fact might be considered by a jury along with all the other facts and circumstances in determining whether the train was being operated in a negligent manner at the time it ran over and killed the child."

It cannot be said that this decision commits the Supreme Court of Arkansas one way or the other upon the question presented in the instant case. Here Rumsey is charged with pushing the box car to the very edge of the street that crossed the main line of the railroad and leaving it there an unnecessary and unreasonable length of time. When the question of whether or not such conduct

of third parties constitutes negligence is presented to the Supreme Court of Arkansas, the rule of stare decisis will not bar them, if the court should be so disposed, from following the decisions of the highest courts of Oklahoma, Texas, and Kansas cited above in which the element of the necessity of the act is taken into consideration.

It is, therefore, our opinion that, under the rules stated above, the negligence of Rumsey and Martin should be left to the determination of the court having jurisdiction of the case, and that it should not be decided as a matter of law in a removal proceeding.

It is next claimed that the joinder of Rumsey and Martin as defendants with the railway company and its trustees is fraudulent as a matter of fact. The basis of this claim is twofold. First, Martin testified at the hearing on remand that he and Rumsey were employees of the wholesale grocery company and that it was customary in unloading salt from cars for movement in trucks to pinch or push them to a point near the street for the purpose of transferring the salt from the car to the truck, and that the railway company often leaves them there a week at a time.

Such a custom, if it existed, is not a legal bar to liability. It may be a persuasive argument to the jury on the question of negligence; but, if the circumstances in evidence should be such that a jury would be warranted in finding that injury to others might reasonably be apprehended from the unnecessary presence of the car, it cannot be said,. as a matter of law, that it was not negligence on the part of the defendants so to leave the car there. Fletcher v. Baltimore & P. R. Co., 168 U.S. 135, 141, 18 S.Ct. 35, 42 L.Ed. 411.

Second, Martin further testified that he went to school with Mrs. Locke, the appellant; that he saw her about a month after "he got the papers"; that she said she did not know they sued him, not to think anything about it, that they were not trying to get anything off of him.

If it be held that this testimony is sufficient to show bad faith in joining Martin as a defendant, it cannot be said to show a sham joinder of both resident defendants. There is no evidence indicating that the plaintiff does not seek in earnest and in good faith a joint judgment against appellees and Rumsey. The court on a charge of fraudulent joinder is not required to consider more than whether there was a real intention to obtain a joint judgment, and whether there was colorable ground for it shown. Huffman v. Baldwin (C.C.A.8) 82 F.(2d) 5, 7, 8. In the cited case this court (citing authorities) said further, " * * * To apply the epithet 'fraudulent' to the joinder is not enough; the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." Since there is no evidence raising a suspicion even that there was bad faith in joining Rumsey, this ground of fraud was not sustained.

No other issues suggested by the petition for removal are urged here. We have examined the whole record, however, and find no merit in any of the contentions of appellees.

For the foregoing reasons, the judgment appealed from is reversed, with directions to remand the case to the state court from which it was removed.

Reversed.