Argued May 14; affirmed June 18, 1946

# CHRISTOPHER *v.* McGUIRE
### (169 P. (2d) 879)

Walter L. Tooze, Judge.

*Justin N. Reinhardt*, of Portland (with Reuben G. Lenske, of Portland, on brief), for appellant.

*Wm. J. Robert* and *John D. Galey*, of Portland (with Phelps & Burdick, of Portland, on brief), for respondent.

Before Belt, Chief Justice, and Rossman, Bailey, Brand and Hay, Justices.

BELT, C. J.

This is an action to recover damages for personal injuries. A general demurrer was sustained to the second amended complaint, and, upon refusal of plaintiff further to plead, the action was dismissed.

It is thus alleged in the complaint:

"I. That on or about the 1st day of March, 1944, defendant caused an advertisement to be inserted

in the classified section of the Oregonian as follows:

· CLOSING ESTATE—HOME, ACREAGE.

McGuire—Large family home and about 3¾ acres of fine land, 8 rooms with double plumbing, hardwood floors, nice basement with good sawdust burner, new composition roof and garage, land all clear, mostly in orchard of prunes, peaches, apples, cherries and chestnuts. Close to Oregon shipyards. Rent bedrooms upstairs would more than pay for property. The price is $800.00. Attractive terms. Call Mrs. Oldright for special appointment. GA. 1463.

"II. That plaintiff responded to said advertisement, and defendant induced plaintiff to see. said property by appointment.

" III. That defendant was in possession and control of said property and of the house thereon, and represented and warranted to plaintiff that said property was of sound construction and in sound condition and in all respects habitable and safe, and defendant urged plaintiff to stand upon the porch of said house and induced plaintiff to note the strong condition of said porch and the fence upon said porch; that while plaintiff was so standing upon said porch and near the fence thereof and complying with the directions of defendant, said porch fence gave way and plaintiff was thrown about ten feet below said porch and onto the ground, and suffered severe, painful and permanent injury in the following respects, to-wit: four broken teeth, a broken bone in plaintiff's right hand, and cut lips leaving scars, sprained right wrist, severe bruises and contusions on various places on plaintiff's body, severe injury to plaintiff's back and severe concussion and shock.

"IV. That the injuries and the damages hereinafter set forth were directly and proximately caused by the wrongful and negligent conduct of defendant in the following respects, to-wit:

(a) Defendant knew, or if acting as a reasonably prudent person should have known that the porch fence on said house was rotten and was apt to cause persons not warned against their condition to fall down and suffer injuries.

(b) Defendant failed to warn plaintiff that said porch fence was rotten and failed to warn plaintiff that she should be extremely careful while viewing said house and while on or in any portion thereof and not to touch or lean against any portion of the structure hereof.

(c) Defendant represented to plaintiff that said house was in good and substantial condition in all respects, upon which representation plaintiff relied.

(d) Defendant, while in possession and control of said property, urged plaintiff to stand upon said porch and to note the strength of said porch fence.

(e) Defendant warranted that the condition of said porch and fence were sound and safe.

"V. That by virtue of the said negligent and wrongful conduct of defendant and his said representations and warranties, plaintiff suffered severe injuries and pain as aforesaid and was damaged generally in the sum of $15,000, and plaintiff suffered special damages by way of medical expenses in the sum of $......................."

 Construing the complaint most strongly against the pleader, as we must do when it is tested by demurrer, we think the pleading is insufficient. The complaint—which represents a third attempt to state a cause of action—falls far short of being a plain and simple statement of the facts upon which the action is based. The court is not advised by the pleading whether the defendant McGuire was in "possession and control" of the property as owner or as agent. It is clear that plaintiff was a prospective purchaser and an

invitee upon the premises. The duty of the defendant to her as such invitee would differ materially depending upon whether he was the owner or merely a sales-agent. If defendant were the owner, he would be obliged to keep and maintain the property in a reasonably safe state of repair. If defendant were a sales-agent, he would in the absence of contract, be under no duty to keep the property in repair. Mechem on Agency (2d ed.) Vol. 1, p. 1096, § 1475. Of course, if defendant were in complete control and charge of the property as a managing agent and it were his contractual duty to the owner to keep the premises in repair, he would be liable for failure so to do. *Mollino v. Ogden & Clarkson Corp.*, 243 N. Y. 450, 154 N. E. 307, 49 A. L. R. 518 and note; *Goodman v. Fernald*, 154 Or. 654, 61 P. (2d) 1253. Certainly the duties of an owner to such an invitee would, as a general rule, be more burdensome than those of a sales-agent.

■■ It was incumbent upon plaintiff to allege facts showing a duty of defendant to plaintiff; a breach of such duty; and a resulting injury. We cannot take judicial notice, as urged by respondent, that the defendant is a prominent realtor in the city of Portland, even though some of the members of the court know full well that he sells a large number of homes in such city. We think, however, that by construing the pleading most strongly against the plaintiff it may be assumed that the defendant was a sales-agent endeavoring to sell the property in question to the plaintiff. Indeed, the plaintiff in her reply brief gives such construction to the complaint. She says: "Respondent herein is engaged in a public calling, the very purpose of which is to furnish information to prospective purchasers * * *." On oral argument, it was conceded that the defendant was a sales-agent.

■■ Considering the defendant as a sales-agent, we find no allegation in the complaint that it was his duty to keep the premises in repair. A real estate broker employed to sell property has the right of entry for such purpose, but can it be said that by so doing he is in "possession and control" of the property? We think not. Such allegation in the light of the record is only the conclusion of the pleader.

Did the defendant violate his duty to the plaintiff by "urging" her to stand upon the porch and "inducing her to *note* the strong condition of said porch and the fence upon said porch", when he knew, or by the exercise of due care ought to have known, "that the porch fence on said house was rotten and was apt to cause persons not warned against their condition to fall down and suffer injuries"? It is further alleged that while she was "so standing upon said porch and *near the fence thereof* and complying with the directions of defendant, said *porch fence* gave way and plaintiff was thrown about ten feet below said porch and onto the ground." (Italics ours)

■ It may well be argued that an owner or an agent would have no right to induce an invitee to stand in a dangerous place when at such time he knew or ought to have known that it was dangerous and would be apt to cause injury. However, does it appear that such breach of duty was the proximate cause of the injury? It is observed that it was only the porch fence which "gave way". The porch itself did not fall. Plaintiff alleges that she was standing "near" the porch fence when it fell. It is not alleged that at such time she was touching the fence or leaning on it. If she were only "near" the fence, then how could it have "thrown" her to the ground and caused the injury? The complaint being

tested by demurrer does not warrant us in inferring that plaintiff was leaning against the fence when it "gave way". Accepting as true the allegations concerning the manner in which the accident happened, we can only deduce therefrom that the falling of the porch fence had no causal connection with the injury. True, plaintiff alleged that the falling of the porch fence was the proximate cause of her injuries, but we think this allegation cannot prevail over specific averments of fact.

■ Plaintiff urges that res ipsa loquitor applies, but we think it does not.

Judgment is affirmed.

BRAND, J., concurs in the result.