**SMITH v. SOUTHERN PAC. CO. et al.**
(two cases).
**Nos. 12636, 12637.**

United States Court of Appeals
Ninth Circuit.

Feb. 21, 1951.
Rehearing Denied April 6, 1951.

Brazier C. Small and Bruce Spaulding, Salem, Or., for appellants.

Koerner, Young, McColloch & Dezendorf and John Gordon Gearin, Portland, Or., for appellees.

Before BIGGS, HEALY and BONE, Circuit Judges.

BONE, Circuit Judge.

The above entitled cases arise out of a railroad crossing accident near Salem, Oregon between a freight train of the Southern Pacific Company and an automobile in which the plaintiff and plaintiff's decedent were passengers. Plaintiff, herein referred to as appellant, brought one suit as the administratrix of the estate of her deceased husband in one case and as a suitor in her own behalf for personal injuries in the other. Both cases involve the same facts and basic issues. They were consolidated for trial and are consolidated on this appeal. The cases were tried to the court without a jury and resulted in judgment for the defendants. All comments in this opinion refer to both cases.

The only question presented on this appeal is whether the cases were improvidently removed from the state court. The action was commenced in the state court naming as defendants the Southern Pacific Company, a Delaware Corporation and one T. C. Gerousbeck. That portion of the complaint with which we are now concerned will be set out fully later in this opinion. At this point it is sufficient to state that the individual defendant is not identified in the complaint other than his name appears on the heading and the use of the plural word "defendants" and the plural pronoun "they" in the body of the complaint.

Southern Pacific Company filed a petition for removal of the action to the United States District Court. This petition, after setting up the diversity of citizenship between plaintiff and the corporate defendant and the amount in controversy, alleged two grounds of improper joinder of the individual defendant: (1) that the joinder as a party defendant of T. C. Gerousbeck is without reasonable basis, is made in bad faith for the fraudulent purpose of defeating removal and for the further ground (2) that the complaint does not state a cause of action against said T. C. Gerousbeck. This petition for removal did not set forth, by affidavit or otherwise, any facts showing or tending to show that the joinder of the individual defendant was without reasonable basis or made in bad faith.

A motion to remand was made by appellants accompanied by an affidavit the substance of which is that T. C. Gerousbeck is a citizen of Oregon and was properly joined as a party defendant. It did not deny or take issue with the railroad's contention that the complaint failed to state a cause of action nor did it deny the charge of fraudulent joinder.

The trial judge denied the motion to remand. His reason for so doing is not stated in the order which appears in the record.[1] It appears, however, in his findings of fact, conclusions of law and his opinion after the trial of the case on the merits. His reasons are best expressed in his opinion, as follows: "There has been an attempt here to join the conductor of the train, and I find now, since all the proof is in, that the conductor had no responsibility toward the plaintiff in this case and the plaintiff's decedent in the other case; and I further find that the original complaint in this case did not state a cause of action against this defendant. The terms are general and it does not state any specific charge of negligence as against the individual defendant. Upon that ground I find in the first place, that there was no cause of action stated against the individual defendant and, in the second place, since I have heard all the evidence, that no charges of negligence were proven against him. I will make findings to that effect and also include in the judgment the statement that the original complaint did not state a cause of action against the individual defendant."

Appellants have advanced certain points which are conceded by appellees and which we agree are correct propositions of law. The points on which the parties are in

---

1. The record before us does not contain the proceedings at the hearing on the motion to remand.

agreement are: (1) the right of the railroad defendant to remove the cause to a federal court is to be determined by the well-pleaded facts in the complaint at the time the petition for removal is filed;[2] (2) the legal sufficiency of the complaint is determined by the law of the State of Oregon in effect at the time the court is called upon to make this determination;[3] (3) that if joint liability appears from the ultimate facts pleaded in the complaint, appellant's motive in joining the individual defendant is not fraudulent even if the sole reason for joinder is to prevent removal.[4]

Appellees state that, although it is true that doubt as to the propriety of the removal should be resolved in favor of retention of a cause in a state court, it is equally true that federal courts should not sanction devices to prevent removal and should be vigilant to protect a non-resident's right to proceed in a federal court.

Apart from this slight difference noted in the paragraph above the briefs seem to indicate that the real point of disagreement between the parties is whether or not the complaint states a cause of action against the individual defendant. Appellants maintain that it does while appellees assert it does not. However, certain arguments in the briefs lead us to believe that the parties are not in complete agreement on what factors should be considered in deciding this question. We will undertake to clarify that question.

█ Appellees have set forth in their brief a contention that in the motion to remand appellants failed to deny the allegations in the petition for removal and that this failure amounts to an admission of the truth of appellees' allegations. This rule is inapplicable here as the petition for removal contained no allegations of fact on the question of fraudulent joinder. There was nothing, therefore, for appellants to deny and they sufficiently answered the petition by stating that the joinder of Gerousbeck was proper.

█ We are of the opinion that on the record in this court an issue of fraudulent joinder is not before us. The petition for removal contained the mere conclusion that the joinder of Gerousbeck was without reasonable basis and made in bad faith for the fraudulent purpose of defeating removal. If a resident defendant is joined in an action the joinder may be shown by a petition for removal to be a sham or fraudulent device to prevent removal; but the showing must consist of a statement of facts apart from the pleader's deductions rightly leading to that conclusion.[5] This requirement was not satisfied here.

While the pleadings may be deemed amended by evidence introduced at the hearing (in this case the deposition of Alice M. Smith) the record fails to reveal any finding of fact by the trial court on the question of fraudulent joinder.[6] We are not free to make our own finding on this question. The findings of the trial judge do reveal that he retained jurisdiction of the cases because he thought that the complaints failed to state a cause of action

2. Chicago B. & Q. R. Co. v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521; Chicago R. I. & Pac. R. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L. Ed. 473; Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441; Thiel v. Southern Pac. Co., 9 Cir., 126 F.2d 710; Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334.

3. Chicago R. I. & Pac. R. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L. Ed. 473; Chicago R. I. & Pac. R. Co. v. Whiteaker, 239 U.S. 421, 36 S.Ct. 152, 60 L.Ed. 360; Locke v. St. Louis-San Francisco R. Co., 8 Cir., 87 F.2d 418; Wells v. Missouri Pac. R. Co., 8 Cir., 87 F.2d 579.

4. Chicago R. I. & Pac. R. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L. Ed. 473; Chicago R. I. & Pac. R. Co. v. Whiteaker, 239 U.S. 421, 36 S.Ct. 152, 60 L.Ed. 360.

5. Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544; Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144. See also Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441; Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430.

6. Wells v. Missouri Pac. R. Co., 8 Cir., 87 F.2d 579.

against Gerousbeck, the resident defendant. This then is our sole inquiry on this appeal, and if the complaints state a cause of action against Gerousbeck under Oregon law the judgments must be reversed.[7]

■ Whether the complaints state a cause of action against Gerousbeck must be determined by the well pleaded facts therein at the time the petition for removal was filed.

The complaints in the two cases are substantially alike. The following quotation, Paragraph VI, is from the complaint in cause No. 12,636. It alleges:

"Defendants then and there were negligent as follows:

"(1) They so obstructed said highway with said empty logging flats notwithstanding they then and there knew, or in the exercise of reasonable diligence could have known, that said empty logging flats and said train could not be seen by mortorists traveling along said highway, at reasonable rates of speed, their cars equipped with proper lights, and being carefully operated.

"(2) They failed to give any warning whatsoever to decedent, or to the driver of the car in which decedent was riding, of the approaching train or of the obstructing of said highway at said crossing, notwithstanding they knew, or in the exercise of reasonable diligence could have known, that said unusually dangerous situation existed at said crossing.

"(3) They then and there approached and entered said crossing without giving any warning by whistle or bell, or otherwise.

"(4) They failed to keep a proper lookout for vehicles traveling upon said highway and approaching said crossing.

"(5) They failed to have installed a wigwag system, or bell system, to warn motorists approaching said crossing of the presence of said train and empty logging flats."

■ The complaints do not identify Gerousbeck in any manner nor do they state

his relationship to the railroad defendant. No specific charge in the complaints refers to him alone. We have no doubt that the complaints, as they stand, would be subject to a motion to make more definite and certain. But this is not the test in removal cases. The only question we have to determine is whether the complaints evidence a real intention to secure a joint judgment, and colorable ground for it was shown as the record stood when the causes were removed from the state court.[8]

In support of their argument that the complaints state a cause of action against both appellees, appellants assert that no contention is made by appellees that the complaints do not state a cause of action against the railroad defendant, and that the same acts are charged against the individual defendant; that the individual defendant would be liable for the acts charged against him whether he was an employee of the railroad or not; that appellants are not concerned with Gerousbeck's duty to the railroad but with his duty to the public—which was to give warning to the public that the train obstructed the highway, when he knew, or in the exercise of reasonable diligence could have known, that an unusually dangerous condition existed at the crossing; that appellees have cited no authority holding that the complaint is insufficient unless it shows who the individual was working for and in what capacity he was employed at the time he did the negligent act or acts.

Appellees assert that the complaints fail to link Gerousbeck with the accident or to indicate his relationship to the railroad defendant or to state any duty owed by him to appellants. These factors, appellees contend, show that the claims do not state any facts on which relief can be granted.

■ The common method of testing the sufficiency of a complaint is by demurrer. The Oregon Supreme Court has held that a failure to state facts with that clearness and perspicuity required in good pleading is not a ground for demurrer unless the complaint

7. 28 U.S.C.A. §§ 1441(b), 1447(c).

8. Chicago R. I. & Pac. R. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L. Ed. 473; Locke v. St. Louis-San Francisco R. Co., 8 Cir., 87 F.2d 418; Wells v. Missouri Pac. R. Co., 8 Cir., 87 F.2d 579.

fails to contain some material averment.[9] A complaint for negligence under Oregon law must allege facts showing a duty of the defendant to the plaintiff, a breach of that duty, and a resulting injury.[10] Another Oregon decision has said that in this jurisdiction it is sufficient in order to charge negligence to specify the act, the doing of which caused the injury, and state generally that it was negligently and carelessly done.[11]

Turning to the complaint the inquiry is then what duty Gerousbeck owed to appellant Alice M. Smith and her deceased husband which Gerousbeck failed to perform.

In Paragraph V of the complaint (cause No. 12,636) it is alleged that defendants (Gerousbeck and Southern Pacific) operated the train under conditions which constituted an unusual hazard. Paragraph VI (set out above) charges five acts of negligence. The fifth charge in the group relates to the condition of the crossing itself at the time of the accident—more specifically to the lack of proper equipment at the crossing to warn motorists of approaching trains. It may be assumed that an individual who was operating the train (as Gerousbeck was alleged to be) would be under no duty to install such equipment, and it is evident that charge 5 does not refer to him, though he is included therein by use of the word "they."

The other four charges in Paragraph VI relate to the physical operation of the train at the time of the accident, i.e., to the failure to use care in approaching, and in obstructing the crossing. It is evident that these four allegations charge acts of negligence against the individual or individuals operating the train. Gerousbeck is charged to be such an individual. The Southern Pacific. Co. could be held responsible for these negligent acts only by application of the doctrine of respondeat superior. We are not, however, concerned here with the liability of the railroad defendant—only the individual defendant.

■ It is hornbook law that one operating a train across a public highway owes a duty to exercise reasonable care for the safety of persons using that highway. The duty of an employee in such a case does not rest on his obligation to his employer under his contract of employment.[12]

No Oregon case has been called to our attention which holds that a complaint is insufficient where the relationship of the defendants is not set out. The case of Thiel v. Southern Pacific Co., 9 Cir., 126 F.2d 710 is not controlling. The parties in that case were sued under fictitious names. Not only was the relationship between the Does and the Railroad not shown but neither the relationship of the Does to the plaintiff, nor their duty toward the plaintiff, appeared in the complaint. In the cases before us the relationship and the duty of Gerousbeck to the plaintiff is averred in the complaint. Gerousbeck is alleged to have operated a train without exercising reasonable care toward persons using the highway.

■ The necessity of establishing in the complaints the relationship of the defendants, in this case an employment relationship, is at best a doubtful question of state law which should be tried in the state court and not determined in removal proceedings.[13]

The judgments are reversed and the cases are remanded to the district court with directions to vacate the judgments and to remand the cases to the state court.

9. Clarkson v. Wong, 150 Or. 406, 42 P.2d 763, 45 P.2d 914; Murray v. Lamb, 174 Or. 239, 148 P.2d 797.

10. Christopher v. McGuire, 179 Or. 116, 169 P.2d 879.

11. Cunningham v. Oregon Farmers Institute, 168 Or. 452, 124 P.2d 304.

12. Wood v. Miller, 158 Or. 444, 76 P.2d 963; 2 Am.Jur. 256, Sec. 236.

13. Locke v. St. Louis-San Francisco R. Co., 8 Cir., 87 F.2d 418; Wells v. Missouri Pac. R. Co., 8 Cir., 87 F.2d 579.