H. Kenneth JOHNSON, Plaintiff,

v.

WEYERHAEUSER COMPANY and J. Johnson, Defendants.

Civ. No. 60–85.

United States District Court
D. Oregon.

April 29, 1960.

736

Kenneth E. Roberts of Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for plaintiff.

Donald R. Wilson of Pozzi & Wilson, Portland, Or., for defendants.

KILKENNY, District Judge.

This matter is before the Court on the motion of defendant J. Johnson for an order dismissing plaintiff's complaint on the ground that the complaint does not state a claim as to him and on the plaintiff's motion to remand this cause to the Circuit Court of the State of Oregon for Multnomah County. Defendant Weyerhaeuser Company removed the cause from said Circuit Court to this Court on the theory that the joinder of the defendant J. Johnson, a resident, was sham and fraudulent and made for the purpose of attempting to prevent the removal of the cause from said Circuit Court to this Court.

█ █ The complaint alleges, among other things, that defendant J. Johnson was employed as a timber faller for defendant corporation and was acting within the scope of his employment; that the plaintiff was working as a timber bucker for defendant corporation at the same time and place and was directed by Johnson to make a certain cut while bucking and that due solely to the negligence of each of the defendants the end of a log rolled so that an attached limb flew out and struck the plaintiff, to his injury. The complaint charges defendant corporation with a violation of the Employer's Liability Act and with common law negligence. The complaint attempts to charge defendant J. Johnson with negligent conduct in directing the plaintiff to cut the log when he knew, or in the exercise of reasonable care should have known, that he was directing him to cut the log in a place of danger, and that said defendant failed to cut and trim a limb from said log. I fail to find anything in the complaint which would give rise to a duty on the part of defendant Johnson to the plaintiff. A complaint for injuries resulting from common law negligence should allege what duty was imposed on defendant toward the plaintiff or state facts from which the law would imply a duty and then charge a breach or negligent performance thereof. Kennedy v. Hawkins, 54 Or. 164, 102 P. 733, 25 L.R.A.,N.S., 606; Christopher v. McGuire, 179 Or. 116, 169 P.2d 879.

█ The legal sufficiency of the complaint is to be determined by the law of the state of Oregon in effect at the time this Court is called upon to pass on the sufficiency thereof. Smith v. Southern Pacific Co., 9 Cir., 1951, 187 F.2d 397, 400.

I hold that the complaint does not state a claim against the defendant J. Johnson and that the motion to dismiss should be allowed as to said defendant.

█ Since plaintiff's complaint discloses no cause of action against the resident defendant J. Johnson, nor any reasonable basis for joining him as a party defendant, I hold that he was joined for the specific purpose of preventing a removal to this Court. The petition to remand is denied.

Counsel for defendants may prepare appropriate orders.