184

Carl A. ADAIR, Plaintiff,

v.

POPE & TALBOT, INC., a corporation, and Jim Barrels, Defendants.

Civ. No. 60–404.

United States District Court
D. Oregon.

Nov. 28, 1960.

E. B. Sahlstrom, Eugene, Or., for plaintiff.

Mautz, Souther, Spaulding, Kinsey & Williamson, Wayne A. Williamson, Portland, Or., for defendants.

KILKENNY, District Judge.

I am of the opinion that this case falls within the rationale of my decision in Johnson v. Weyerhaeuser Company, D.C., 189 F.Supp. 735, in which the opinion was filed in this Court on April 29, 1960. The legal sufficiency of the complaint must be determined under Oregon law. Smith v. Southern Pacific Co., 9 Cir., 1951, 187 F.2d 397, 400. Under such law a pleading must be construed most strongly against the pleader. Aune v. Oregon Trunk Railway, 151 Or. 622, 51 P.2d 663; Christopher v. McGuire, 179 Or. 116, 169 P.2d 879. The complaint in the present case charges that James Barrels was employed by the corporate defendant as a repairman. There is no charge that he was employed as a radio repairman or as one who specialized in electronics, nor is there any charge that it was the duty of defendant Barrels to provide plaintiff with a safe place to work, or under any duty to repair the system of electronics mentioned in the complaint. A far more detailed statement of facts would be required in order to show that the misrepair of a radio could be the proximate cause of the injuries claimed by plaintiff. Since the complaint does not charge a duty on defendant toward plaintiff or state facts from which the law could imply such a duty, the motion of defendant Barrels to dismiss should be allowed. Christopher v. McGuire, 179 Or. 116, 169 P.2d 879; Johnson v. Weyerhaeuser Company, supra.

A proper order may be prepared by counsel for the defendant Barrels.