**Alicia GWYNN, et al., Plaintiffs,**

v.

**ALTRIA GROUP, INC.,
et al., Defendants.**

Case No.: 16–CV–1999 W (KSC)

United States District Court,
S.D. California.

Signed 01/23/2017

Adam Bruce Levine, Frederick Schenk, Casey Gerry Schenk Francavilla Blatt & Penfie, Angela Jae Chun, Jeremy K. Robinson, Casey Gerry Schenk Francavilla Blatt and Penfield, David S. Casey, Jr., Robert J. Francavilla, Casey Gerry Schenk Francavilla Blatt & Penfield LLP, Donald Paul Tremblay, Law Office of Donald P. Tremblay, San Diego, CA, for Plaintiffs.

Daniel Evan Eaton, San Diego, CA, Patrick J. Gregory, Shook, Hardy & Bacon L.L.P., San Francisco, CA, for Defendants.

## ORDER GRANTING MOTION TO REMAND [DOC. 16]

Hon. Thomas J. Whelan, United States District Judge

Pending before the Court is Plaintiffs' motion to remand this case to the San Diego Superior Court. Defendants oppose.

The matter is decided on the papers submitted. See Civ.L.R. 7.1d1. For the reasons that follow, the Court **GRANTS** the motion [Doc. 16] and **ORDERS** the case remanded.

## I. RELEVANT BACKGROUND

Plaintiffs are the wife and children of Hall of Fame baseball player Tony Gwynn. (*Compl.* ¶¶ 1, 11, 151–157.[1]) Plaintiffs allege that Tony was hopelessly addicted to smokeless tobacco products and on June 16, 2014, died of cancer caused by his addiction and prolonged use of those products. (*Id.* ¶ 1–2.)

Defendants are tobacco companies, marketers, retailers, distributors, and others. (*Compl.* ¶¶ 164–177.) Plaintiffs contend Defendants are responsible for manufacturing, adulterating, and pushing "on the public the tobacco products that led to [Tony's] death, all while falsely denying the products were dangerous or addictive, and engaging in a world-wide campaign to continually recruit new under-age users." (*Id.* ¶ 4.)

Particularly important for this motion are the three individual defendants—Doug Derner, Rob Quinn and Don Feblowitz—and two retailer defendants—Young-Westwood Enterprises, Inc. and Exoil Corporation—who Plaintiffs allege sold or distributed the smokeless tobacco products to Tony (collectively, the "Distributor Defendants"). The Distributor Defendants are California residents and, therefore, if properly joined in this lawsuit destroy diversity jurisdiction. (*Id.* ¶¶ 171–177.) Also important are Plaintiffs' allegations that the smokeless tobacco products Tony Gwynn used were adulterated with the addition of chemicals and additives. (*Compl.* ¶¶ 50–54, 222.)

On May 23, 2016, Plaintiffs filed this lawsuit in the San Diego Superior Court.

---

1. The Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit 1 [Doc. 1–2].

(*See Compl.*) Defendants removed this case on August 9, 2016, asserting that diversity jurisdiction exists because the Distributor Defendants were fraudulently joined in this lawsuit. (*Notice of Removal* ¶¶ 6, 7.) Plaintiffs now seek to remand the case back to the San Diego Superior Court.

## II. LEGAL STANDARD

 The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls on the party invoking the statute. See Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir.2006). Any doubt on the right of removal must be resolved in favor of remanding the case to state court. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992).

 Here, Defendants removed the case based on diversity jurisdiction. Because the Distributor Defendants are California residents, in order to avoid remand, Defendants contend the Distributor Defendants were fraudulently joined. Fraudulent joinder occurs where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state...." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). However, generally the presumption is against fraudulent joinder. Hamilton Materials Inc. v. Dow Chem. Corp, 494 F.3d 1203, 1206 (9th Cir. 2007). Thus, in order to avoid remand, the removing defendant urging fraudulent joinder bears the burden of establishing that " 'there is no possibility' that Plaintiff will be able to establish a cause of action against [the non-diverse] Defendant." Onelum v. Best Buy Stores L.P., 948 F.Supp.2d 1048, 1052 (C.D. Cal. 2013).

2. Plaintiffs also argue that the statute does not apply because the Defendants effectively con-

 In evaluating fraudulent joinder, courts "may not make final determination with regard to questions of state law that are not well settled." Knutson v. Allis–Chalmers Corp., 358 F.Supp.2d 983, 995 (D.Nev. 2005); see also Smith v. Southern Pacific Co., 187 F.2d 397, 402 (9th Cir. 1951) (indicating that a defendant is not fraudulently joined if there is legal uncertainty regarding the claims against him because "a doubtful question of state law ... should be tried in the state court and not determined in removal proceedings"); Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999) (explaining that "novel" issues of state law "cannot be the basis for finding fraudulent joinder.").

## III. DISCUSSION

 Defendants bear the burden of establishing that diversity jurisdiction exists. To satisfy this burden, Defendants argue that the non-diverse Distributor Defendants are immune from liability under California Civil Code § 1714.45 (the "Immunity Statute"), and thus are fraudulently joined. (*Opp.* [Doc. 17] 1:2–10, 5:1.) The Immunity Statute provides immunity in a "product liability action" to the manufacturer or seller of a "consumer product intended for personal consumption" that "is inherently unsafe and the product is known to be unsafe by the ordinary consumer who consumes the product with the ordinary knowledge common to the community." Civ. Code § 1714.45(a).

In their motion, Plaintiffs argue the Immunity Statute does not apply to the Distributor Defendants because the smokeless tobacco products consumed by Tony Gwynn were heavily adulterated and, therefore, exposed him to risks beyond those inherent in tobacco in general. (*P & A* [Doc. 16–1], 8:2–4.[2]) In support of this argument, Plaintiffs rely on Naegele v.

cealed the risks of smokeless tobacco from the

R.J. Reynolds Tobacco Co., 28 Cal.4th 856, 123 Cal.Rptr.2d 61, 50 P.3d 769 (2002).

In Naegele, plaintiff was diagnosed with lung cancer after smoking cigarettes for 46 years. He filed a lawsuit against two tobacco manufacturers for personal injury damages on theories of negligence, product liability, and fraud. The manufacturers moved to dismiss the case, arguing that the Immunity Statute barred all of plaintiff's causes of action. The trial court granted the manufacturers' motion and dismissed the case, and the Court of Appeal affirmed. The California Supreme Court granted review to determine "what types or categories of conduct by tobacco companies fall within the immunity given to them by the Immunity Statue. . . ." Id. at 861, 123 Cal.Rptr.2d 61, 50 P.3d 769.

In its review, Naegele relied heavily on the California Supreme Court's discussion in Richards v. Owens–Illinois, Inc., 14 Cal.4th 985, 60 Cal.Rptr.2d 103, 928 P.2d 1181 (1997), regarding the scope of the Immunity Statute. Richards explained that the immunity afforded under the statute "drew 'its express inspiration from product liability principles addressed by section 402A of the Restatement Second of Torts (Restatement), and particularly comment *i* thereto (comment *i*).'" Naegele, 28 Cal.4th at 863, 123 Cal.Rptr.2d 61, 50 P.3d 769 (citing Richards, 14 Cal.4th at 999, 60 Cal.Rptr.2d 103, 928 P.2d 1181). Comment *i*, according to Richards, limits section 402A's imposition of strict liability for defective and unreasonably dangerous products based on the rationale that " '[m]any products cannot possibly be made entirely safe for all consumption,' but if a product is pure and unadulterated, its inherent or unavoidable danger, commonly known to the community which consumes it anyway, does not expose the seller to liability for resulting harm to a voluntary user." Id. at 863–864, 123 Cal.Rptr.2d 61, 50 P.3d 769 (citing Richards, 14 Cal.4th at 999, 60 Cal. Rptr.2d 103, 928 P.2d 1181). Thus, "comment *i* posits, a manufacturer or seller breaches no legal duty to voluntary consumers by merely supplying, in unadulterated form, a common commodity which cannot be made safer, but which the public desires to buy and ingest despite general understanding of its inherent dangers." Id. at 864, 123 Cal.Rptr.2d 61, 50 P.3d 769 (citing Richards, 14 Cal.4th at 1000, 60 Cal.Rptr.2d 103, 928 P.2d 1181).

Based on Richards' discussion of comment *i*, Naegele found the Immunity Statute did not apply to two of plaintiff's claims, which alleged the cigarettes he smoked had been adulterated and, therefore, exposed him to dangers not inherent in cigarette smoking. Naegele, 28 Cal.4th at 863–865, 123 Cal.Rptr.2d 61, 50 P.3d 769. According to the California Supreme Court,

> the Immunity Statute bars plaintiff's claims, however, labeled, where they allege no more than personal injury caused by dangers or risks inherent in the consumption of tobacco products such as cigarettes. *But the Immunity Statute does not bar plaintiff's claims that the defendants adulterated the cigarettes plaintiff smoked with additives that exposed him to dangers not inherent in cigarette smoking.*

Id. at 867, 28 Cal.4th 856, 50 P.3d 769 (emphasis added).

Plaintiffs argue that Richards and Naegele establish that the Immunity Statute does not apply to their claims against the Distributor Defendants because Plaintiffs allege the smokeless tobacco products Tony Gwynn used were heavily adulterated. Defendants respond that Plaintiffs

public and, therefore, the risks were not within the common knowledge of the ordinary consumer. (*P & A.*, 7:28–8:6.) In light of the

resolution of the first issue, the Court need not address this issue.

read Naegele too broadly, and that the case "applies only to claims attempting to hold manufacturers liable for its *conduct* in allegedly adulterating its tobacco products. The exception does not encompass every product liability claim involving an allegedly adulterated tobacco product, let alone claims against individuals or retailers who merely sell such products but had not part in the product's manufacture or alleged adulteration." (*Opp.* 13:5–1.) In support of this argument, Defendants rely on Naegele's description of the issue before it as deciding "what *forms of conduct by tobacco companies* ... come within the protection conferred by the immunity statute." (*Id.* 13:22–24, citing Naegele, 28 Cal.4th at 860, 123 Cal.Rptr.2d 61, 50 P.3d 769.)

Although Defendants raise interesting points regarding Naegele, the Court is not persuaded by their argument for at least two reasons. The first is Naegele's reliance on Richards, which in no way suggested that the adulteration exception to the Immunity Statute applied only to those actually involved in adulterating the product. Rather, Richards' analysis focused on whether the *product* was adulterated, not the *conduct* or *who* was responsible for the adulteration. For this reason, the Court agrees with Plaintiffs' contention that Naegele's characterization of the issue before it in terms of "what *forms of conduct by tobacco companies*" were covered by the Immunity Statute reflects the manner in which the issue was framed by the parties rather than the California Supreme Court's intent to limit the adulteration exception to only those involved in manufacturing the product.

Second, the Court agrees with Adams v. American Tobacco Co., Inc., CV 02–9087 (C.D. Cal. Aug. 21, 2003), which also involved adulteration claims against distributors of tobacco products. Just as in this case, the Adams defendants argued Naegele's holding did not apply to them as distributors, and instead only applied to the manufacturers. Id. n. 2. The district court rejected the argument relying on "the fact that the Naegele court couched [its holding] in terms of 'product liability.'" Id. Adams explained that by doing so, Naegele essentially found that there is a species of product liability actions—those based on adulterated products—that are not covered by the Immunity Statute. Id. Adams reasoned that Naegele's "holding is significant given the principle under California law that '[a] manufacturer, *distributor*, or retailer is liable in tort if a defect in the manufacture or design of its product causes injury while the product is being used in a reasonably foreseeable way.' [Citation omitted.] Notwithstanding, then, the emphasis that the Distributor Defendants place on the fact that they are only distributors of tobacco products, Naegele does not support their contention that the distinction between a manufacturer and distributor is dispositive." This Court agrees with Adams.

Because the Immunity Statute does not appear to apply to adulterated products, Defendants have failed to demonstrate that Plaintiffs cannot establish a cause of action against the Distributor Defendants. Accordingly, the Court finds the Distributor Defendants were not fraudulently joined.[3]

---

**3.** Even if this Court's conclusion regarding the Immunity Statute's application to Plaintiffs' adulteration claims is incorrect, remand would still be appropriate because California law is, at best, unsettled with respect to the issue. See Allis–Chalmers Corp., 358 F.Supp.2d at 994 ("Because a joinder may only be considered fraudulent if there was a failure to state a claim as a matter of well-settled law, then a state court grant of summary judgment deciding a new or controversial question of law would not support a finding of fraudulent joinder"); Smith, 187 F.2d at 402 (indicating that a defendant is not fraudulently joined if there is legal uncertain-

## IV. ORDER & CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' motion [Doc. 16] and **ORDERS** this case remanded to the San Diego Superior Court.

ty regarding the claims against him because "a doubtful question of state law ... should be tried in the state court and not determined in removal proceedings"); Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999) (explaining that "novel" issues of state law "cannot be the basis for finding fraudulent joinder."). In other words, it is far from obvious that Plaintiffs cannot state a claim against the Distributor Defendants. See McCabe, 811 F.2d at 1339.